831 F.2d 297
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nellie Washington ROY, Plaintiff-Appellant,
Rev. Cervera A. Washington, Sr., et al., Plaintiffs,
v.
BUTLER COUNTY; Clark County; Montgomery County; Preble
County; Lake County Michigan; Dade County; Harrison
County; Ohio, State of; U.S. Government; Casper & Casper
Law Firm; Finkleman, Forshaw, Milbauer & Booher; Murr,
Compton, Claypoole & Macbeth; City of Middletown; Denny
Lumber Co.; Rathman, Elliott & Boyd; John Ensley; J.B.
Carter; Goldman, Rubin & Shapiro; Smith & Schnacke;
Young, Pryor, Lynn & Jerardi Law Firm; Jacob Duetsch;
Harry Wilks, Gunnoe & Associates; Bieser, Greer & Landis
Law Firm; Huffman & Palmer Law Firm; Edward C. Duckworth;
John Ducker; Dale Phillips; Gordon Lewis; Tankersly and
Campbell Law Offices; Legler, Lang & Kuhns Law Firm,
Defendants-Appellees.
 No. 87-3370.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1987.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges; and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Defendant State of Ohio moves to dismiss this appeal from the district court's judgment dismissing this civil rights case. The plaintiff has filed a response. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 As a preliminary matter, it should be noted that the motion to dismiss is in reality a motion to affirm. Motions to affirm are not allowed by the rules of this court. Rule 8(a)(3), Rules of the Sixth Circuit. Therefore, the motion to dismiss will be denied.
 
 
 3
 The plaintiff participated in probate court litigation in Butler County, Ohio. The defendants are various parties involved in that litigation. The plaintiff's complaint alleges that the defendants conspired to defraud her and the estate. She requested $7,000,000,000.00 in compensatory and punitive damages. After various defendants filed motions to dismiss, the district court granted the motions.
 
 
 4
 The district court held that the criminal statutes cited by the plaintiff did not provide jurisdiction in this civil case. Aldabe v. Aldabe, 616 F.2d 1098, 1092 (9th Cir.1980) (per curiam). The court held that the complaint did not show any racial discrimination necessary to raise a 42 U.S.C. Sec. 1982 claim. Glover v. Tower, 700 F.2d 556, 558 (9th Cir.1983), affirmed, 467 U.S. 914 (1984). The court held that the plaintiff had not shown any class-based animus necessary for a 42 U.S.C. Sec. 1985 claim. Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). The court also held that diversity jurisdiction was lacking. 28 U.S.C. Sec. 1332(a). We agree with these conclusions of the district court. We also hold that Roy's conclusory allegations did not state a valid 42 U.S.C. Sec. 1983 claim. Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986); Smith v. Rose, 760 F.2d 102, 106 (6th Cir.1985).
 
 
 5
 The motion to dismiss is denied. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.