859 F.2d 152
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Chester Wheeler CAMPBELL, Plaintiff-Appellant,
v.
Kenneth WALTON, individually and as special agent in charge
of the Michigan Office of the F.B.I.; William Coonce,
special agent in charge of the Michigan office of the Drug
Enforcement Administration; Roy C. Hayes, individually and
as U.S. Attorney; Keith E. Corbett, individually and
Assistant U.S. Attorney; Patrick Bresnahan, individually
and as special agent of the F.B.I.; Paul T. Lindsay,
individually and as special agent of the F.B.I.; Jay
Manning, individually and as special agent of the F.B.I.;
F.B.I. Informants, 1, 2 & 3, individually and as
employee-agents of the F.B.I.; Vince Wade, individually and
as TV. station Channel 7 reporter; Robert Ankeny,
individually and as reporter for Detroit News newspaper;
Brian Flanigan, individually and as reporter for the Detroit
Free Press newspaper; Bill McGraw, individually and as
reporter for The Detroit Free Press newspaper; Virginia M.
Morgan, individually and as U.S. Magistrate; Defendants-Appellees,
L. Brooks Patterson, individually and as Prosecuting
Attorney for Oakland County; Defendant-Appellee.
 Nos. 88-1298, 88-1475.
 United States Court of Appeals, Sixth Circuit.
 Sept. 21, 1988.
 
 Before BOYCE F. MARTIN Jr. and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 In these consolidated cases this pro se plaintiff appeals two orders of the district court which dismissed his civil action brought pursuant to 42 U.S.C. Secs. 1983, 1985 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). He now moves to reverse or vacate the orders and remand these cases. Upon examination of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Appellant, Chester W. Campbell, filed a complaint in the district court for the Eastern District of Michigan. As the basis of his cause of action, he alleged that appellee Roy C. Hayes, the United States Attorney, with the cooperation and assistance of numerous other appellees, had maliciously caused his prosecution on false charges of violating federal drug and firearms statutes, conducted an unconstitutional search and seizure, and obstructed justice in violation of 42 U.S.C. Sec. 1985(2). The district court dismissed appellant's complaint by two separate orders entered on February 19 and April 7, 1988. Appellant timely appealed these dismissals.
 
 
 3
 Upon review of his complaint, this court concludes that appellant has failed to state a claim for which relief can be granted.[1]
 
 
 4
 Appellant's complaint attempts to set forth a federal cause of action for malicious prosecution. The termination of the underlying criminal proceeding in favor of the plaintiff is an essential element of any such claim. Coogan v. City of Wixom, 820 F.2d 170, 172 (6th Cir.1987). A reading of the complaint fails to disclose any allegations to that effect, appellant failed to state a claim against these defendants. With regard to appellant's search and seizure and obstruction of justice claims, we conclude that he has not set forth a factual basis for the conclusory allegation in his complaint, and, therefore, these claims were also properly dismissed. See Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986).
 
 
 5
 For the above reasons, the judgments of the district court are affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 [1]
 While we acknowledge that the district court did not dismiss all of the defendants on this basis, we must affirm a decision below if correct for any reason including a reason not considered by the lower court. Russ' Kwick Car Wash v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985 (per curiam)