865 F.2d 257
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffrey L. GARLAND, Plaintiff-Appellant,
v.
DAYTON MENTAL HEALTH & DEVELOPMENT CENTER, Defendant-Appellee.
 No. 88-3598.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1988.
 
 Before MERRITT, BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges.
 
 ORDER
 
 1
 Jeffrey Garland, a pro se Ohio plaintiff, appeals the order of the district court dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In a one paragraph complaint, Garland alleges he was denied the right to legal representation at certain employment related disciplinary hearings. Garland failed entirely, however, to provide any factual support for his claim. The district court dismissed plaintiff's suit without prejudice when he failed to comply with the court's order to provide a more definite statement.
 
 
 3
 On appeal, plaintiff reasserts the same claims.
 
 
 4
 Upon consideration, we conclude the district court properly dismissed the complaint as frivolous. Even if plaintiff's complaint is construed liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam); Brooks v. Seiter, 779 F.2d 1177, 1179-80 (6th Cir.1985), it appears beyond doubt that plaintiff could prove no set of facts which would entitle him to relief. See Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 930 (6th Cir.) (per curiam), cert. denied, 108 S.Ct. 333 (1987). Although plaintiff asserted the existence of a constitutional violation, he never addressed even the basic elements of any cause of action. Hence, having failed to allege any factual basis for his conclusory allegations of unconstitutional conduct, plaintiff failed to state a cognizable claim for relief. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986).
 
 
 5
 Accordingly, the order of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.