877 F.2d 62
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William P. BESSER, Plaintiff-Appellant,
v.
Richard P. SEITER, H.L. Allen, Steve Asch, Norris McMackin,
P.N. Tanedo, Arthur Tate, Jr. Supt., Defendants-Appellees.
 No. 88-3408.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1989.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 William Besser appeals the district court's judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Besser claimed that the defendants, prison officials at the Chillocothe Reception Center and the Marion Correctional Institution, violated his constitutional rights when they denied him medical attention, subjected him to inadequate prison living conditions and denied him an adequate prison grievance procedure. The Southern District Court of Ohio granted summary judgment for the defendants concluding that Besser's medical and grievance claims were meritless, and transferred the action to the Southern District Court of Ohio for consideration of Besser's inadequate prison condition claim under Mower v. Seiter, No. C79-175 (N.D.Ohio 1985). Thereafter, the action was dismissed in its entirety based on the Northern District Court's conclusion that the issuance of a civil contempt order against the defendants was not warranted. Besser has filed a brief on appeal and is proceeding pro se.
 
 
 3
 Upon consideration, we conclude summary judgment was properly entered for the defendants; see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and the denial of plaintiff's motion to show cause was not an abuse of discretion. Besser failed to demonstrate that the defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Plaintiff's inadequate grievance procedure claim is vague and conclusory. See Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986). Moreover, the allegation is merely an assertion of an interest in mere due process which fails to state a claim of constitutional magnitude. See Olim v. Wakinekona, 461 U.S. 238, 250 (1983); Beard v. Livesay, 798 F.2d 874, 877 (6th Cir.1986).
 
 
 4
 Finally, the Northern District Court of Ohio properly denied plaintiff's motion to show cause because Besser's inadequate prison living condition claim was meritless and his remaining claims were not properly exhausted as required by the stipulated judgment in Mower.
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.