KRAJEWSKI v KLAWON

LILES v KLAWON

Docket Nos. 77-2867, 77-2868. Submitted April 4, 1978, at Detroit.—Decided July 6, 1978,

Gerald F. Lindeborg was retained by John W. Krajewski, Tony S. Krajewski, Richard D. Liles and Frances L. Liles as their legal representative to bring claims against Mark R. Klawon and Victor Campbell for personal injuries which were sustained in an automobile accident. Clarence Constan was substituted as attorney for the plaintiffs in place of Gerald Lindeborg prior to the filing of the complaints in the actions and an agreement between the attorneys was signed concerning the payment of fees to Lindeborg for the legal work on the claims which had been done by him to that time. Complaints were filed and the action was submitted to a mediation panel which awarded plaintiffs $45,000. All parties accepted the mediation award. Gerald Lindeborg filed a notice of lien against the settlement award claiming his fee under the agreement was unpaid. Clarence Constan filed a motion for entry of judgment in accord with the mediation panel recommendations arguing that Lindeborg's fee, if any, should be determined by *quantum meruit* rather than by the agreement. The Washtenaw Circuit Court, Patrick J. Conklin, J., awarded Lindeborg the fees which were set forth in the agreement and entered an order implementing the mediation award. Plaintiffs appeal the portion of the award granting attorney fees under the agreement to Gerald Lindeborg. *Held:*

An attorney claiming a lien for unpaid fees against a proposed judgment who has neither appeared of record nor intervened as a party in the principal litigation should file a written application for intervention supported by pleadings setting forth the claim for which intervention is sought; however, where such a claim is improperly brought and the party against whom the lien is asserted represents to the trial court

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Attorneys at Law §§ 272–301.

[2] 7 Am Jur 2d, Attorneys at Law § 260.

that it has jurisdiction to decide the issue, that procedural impropriety, which could have been cured if properly objected to, is waived and the trial court's resolution of the issue will be upheld on appeal absent clear error.

Affirmed.

1. ATTORNEY AND CLIENT—JUDGMENT LIENS—FEES—PROCEDURE— WAIVER—COURT RULES.

An attorney who has neither appeared of record nor intervened as a party in the principal litigation and who claims a lien for unpaid fees against a proposed judgment should file a written application for intervention supported by pleadings setting forth the claim for which intervention is sought; however, where such a claim is improperly brought and the party against whom the lien is asserted represents to the trial court that it has jurisdiction to decide the issue, the procedural impropriety, which could have been quickly cured if properly objected to, is waived and the trial court's resolution of the issue will be upheld on appeal absent clear error (GCR 1963, 209.3).

2. ATTORNEY AND CLIENT—FEES—DISPUTES BETWEEN ATTORNEYS—ARBITRATION—STATE BAR—DISCIPLINARY RULES.

The most expeditious method of resolving fee disputes between attorneys is by arbitration through the State Bar of Michigan; all that is required is the stipulation of the attorneys that the dispute be submitted to arbitration and that the committee make a decision which is certifiable as a judgment in the circuit court (DR 2-107).

*William G. Wolfram,* for plaintiffs.

*Gerald F. Lindeborg, in propria persona.*

Before: M. J. KELLY, P. J., and D. E. HOLBROOK, JR. and BEASLEY, JJ.

M. J. KELLY, P. J. This is a dispute between two attorneys competing for fees for services rendered to plaintiffs arising out of claims for personal injuries sustained in an automobile accident. The date of the accident was June 15, 1973, and plaintiffs originally retained attorney Gerald F. Linde-

borg to represent them. He apparently did so until November of 1974, at which time he was discharged and replaced by attorney Clarence Constan. Suit had not been filed by Mr. Lindeborg but negotiations had been conducted, medical information obtained and some investigation pursued, the extent of which is disputed.

On November 1, 1974, the successor attorney, Constan, filed personal injury suits in the Washtenaw County Circuit Court on plaintiffs' behalf. Shortly thereafter the two attorneys met, amicably this time, and during or following the meeting, Lindeborg's files were turned over to Constan in exchange for an agreement prepared by Constan and executed by both, which is reproduced as follows:

"It is Agreed between Clarence R. Constan, Esq. and Gerald Lindeborg, Esq. that Gerald Lindeborg, Esq. shall receive one-half of any fees earned and collected in the Krajewski and Liles cases, if the cases are not tried and one-third of the fee earned and collected if trial is *commenced* and that *[sic]* will cooperate and assist when called upon in the handling of depositions. That the fees shall be in full settlement of his claim for fees.
February 4, 1975[s] Gerald Lindeborg[s] Clarence R. Constan."

In due course the lawsuits were submitted to a mediation panel which evaluated the claims on, or about December 15, 1976, to be in the amount of $45,000. All parties accepted the mediation award. Disharmony ensued.

On December 20, 1976, Lindeborg filed a notice claiming a lien against any settlement or judgment received by plaintiffs, but he did not file a motion to intervene under GCR 1963, 209. The Washtenaw County Clerk's office accepted the no-

tice and filed the same. On March 2, 1977, Constan filed on plaintiffs' behalf a motion for entry of judgment in accordance with the mediation panel recommendations. This motion advised the trial court that defendants refused to pay the award to plaintiffs and their attorney because of the lien claimed by Lindeborg. The motion requested that the trial court make such determination as necessary to resolve the matter. Mr. Constan argued in a brief attached to the motion that Lindeborg was not entitled to a claim of lien and that an award to Lindeborg, if any, should be limited by *quantum meruit*. The first issue defined in plaintiffs' brief in support of the motion was:

"1. Can attorney Lindeborg claim a lien in the within proceedings."

The argument was made that attorney Lindeborg submitted the issue to the court and the plaintiffs urged the court to act thereon and asked the court to "determine what lien, if any, he has".

The trial court, on April 7, 1977, upon receiving a stipulation of the parties, ordered the Liles case discontinued with prejudice. The Krajewski case was similarly ordered discontinued with prejudice on May 4, 1977. At a hearing on the plaintiffs' motion for entry of judgment on April 13, 1977, at which attorney Constan was not present, attorney Lindeborg filed with the trial court the fee agreement dated February 4, 1975, referred to above. The trial court decided to enforce the agreement and awarded Lindeborg one-half of the attorneys' fee.

At a hearing on the entry of the order implementing the award, which took place May 25, 1977, Constan appeared and objected, but admitted preparing and signing the February 4th agree-

ment. He now urged the trial court to decline to decide the attorney fee issue in spite of having previously requested such decision. The order was entered over his objections. Plaintiffs appeal of right from that order.

Plaintiffs argue that the trial court erred by entering an order in determination of a lien in favor of Mr. Lindeborg since he had neither appeared as the attorney of record nor intervened as a party in the principal litigation.

It is clear that attorney Lindeborg failed to comply with GCR 1963, 209.3 which requires a written application for intervention supported by pleadings setting forth the claim for which intervention is sought. Certainly, the better procedure would have been to file a motion to intervene to establish his rights under the contingent fee agreement. See generally 59 Am Jur 2d, § 146, p 581, 7 Am Jur 2d, § 262, p 193, § 302, p 215, § 265, p 195.

In plaintiffs' brief in support of motion for entry of judgment, however, attorney Constan took the opposite position:

"Attorney Lindeborg submitted himself to the jurisdiction of this Court by filing his notice of lien. Accordingly, plaintiffs request that the court determine what lien, if any, he has."

Plaintiffs' attorney represented to the trial court that it had jurisdiction to confer the lien, and, thus, waived for plaintiffs any objection they might have had to procedural impropriety. There is no sound reason to suppose that procedural defects could not have been quickly cured if objections were raised, simply by filing correctly or amending the motion.

To avoid any further delay or prejudice to the

adjudication of the rights of plaintiffs and both attorneys, we exercise our powers under GCR 1963, 820.1(2), and permit attorney Lindeborg to intervene *nunc pro tunc.* See GCR 1963, 13.

Mr. Constan's argument that DR 2-107[1] prohibits attorneys from splitting fees without regard to services performed is beside the point here. Plaintiffs had hired Mr. Lindeborg and, therefore, were on notice that they would be liable for fees incurred while so employed. The fee agreement between the attorneys is within the guidelines set forth in DR 2-107. They worked out an agreement from equal bargaining grounds and there is no claim of overreaching. DR 2-107 was formulated to prohibit brokering; to protect a client from clandestine payment and employment; to prevent aggrandizement of fees. We are not faced with that situation here. Mr. Lindeborg did perform services for the plaintiffs, which they were aware of, and is entitled to be compensated for the work performed. We do not find error in the trial court's decision to enforce the agreement of the attorneys to divide the fee.[2] Its view of the relative fairness of the agreement and the proportion of productive activity expended did not lead to an erroneous result.

Affirmed.

---

[1] "DR 2-107 Division of Fees Among Lawyers.

"(A) A lawyer shall not divide a fee for legal services with another lawyer who is not a partner in or associate of his law firm or law office, unless:

"(1) The client consents to employment of the other lawyer after a full disclosure that a division of fees will be made.

"(2) The division is made in proportion to the services performed and responsibility assumed by each.

"(3) The total fee of the lawyers does not clearly exceed reasonable compensation for all legal services they rendered the client."

[2] The most expeditious method of resolving fee disputes between attorneys is by arbitration through the State Bar of Michigan. All that is required is the stipulation of the attorneys that the dispute be submitted to arbitration and the committee make a decision which is certifiable as a judgment in the circuit court.