808 F.2d 459
 42 Fair Empl.Prac.Cas. 1016,
42 Empl. Prac. Dec. P 36,778, 55 USLW 2383
 Walter W. CHAPMAN, an Individual, Charles Master, an
Individual, and John Does, Unknown Individuals,
Plaintiffs-Appellants,
v.
CITY OF DETROIT, a Michigan Municipal Corporation, and
Detroit Fire Fighters Association, Local 344,
IAFF, AFL-CIO, a Labor Organization,
Defendants-Appellees.
 No. 85-1634.
 United States Court of Appeals,
Sixth Circuit.
 Cause Argued Sept. 26, 1986.
Decided Dec. 30, 1986.
 
 Dennis M. Rauss (argued), Donovan, Hammond, Ziegelman, Roach & Sotiroff, P.C., Detroit, Mich., for plaintiffs-appellants.
 Thomas L. Walters, Sharon D. Webb (argued), Theodore Sachs (argued), Detroit, Mich., for defendants-appellees.
 Before: LIVELY, Chief Judge; MERRITT, Circuit Judge; and TIMBERS, Senior Circuit Judge.*
 LIVELY, Chief Judge.
 
 
 1
 This is an appeal from dismissal of an action brought by individual fire fighters who were involuntarily retired at age 60 under a charter provision of the City of Detroit. The plaintiffs-appellants sought relief under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621 et seq. (1982), and 42 U.S.C. Sec. 1983 (1982). They also asserted five pendent state claims. The district court dismissed all of the federal claims with prejudice, granting motions to dismiss or for summary judgment filed by the defendants City of Detroit and the fire fighters' union. The pendent state claims were dismissed without prejudice.I.
 
 
 2
 It is necessary to set out some of the background in order to describe the procedural posture of the case in the district court.
 
 
 3
 On November 20, 1984 the Detroit Fire Fighters Association (DFFA), the union representing a majority of the City's firefighting forces, brought suit in a Michigan state court seeking an order requiring the City to enforce a charter provision for mandatory retirement of all fire fighters at age 60. The City raised the ADEA as an affirmative defense and notified the Equal Employment Opportunity Commission (EEOC) of the pending action. The EEOC did not respond immediately to this notification. The DFFA moved for summary judgment against the City on December 21, 1984. Thereafter, on March 29, 1985 the state trial court rendered an opinion holding that the charter provision did not violate the ADEA because age was a bona fide occupational qualification for fire fighters. The state judge relied on a federal court of appeals decision that was subsequently reversed by the Supreme Court of the United States. See Johnson v. City of Baltimore, 731 F.2d 209 (4th Cir.1984), rev'd, 472 U.S. 353, 105 S.Ct. 2717, 86 L.Ed.2d 286 (1985).
 
 
 4
 The state trial court entered its order granting summary judgment to the DFFA on April 26 (all dates are 1985), and entered an order on the same date granting the EEOC's unopposed motion to intervene in the action. The EEOC immediately sought to remove the action to the United States District Court. Following a hearing, a district judge remanded the case to the state trial court on April 29. On May 15 the EEOC filed a claim of appeal in the Michigan Court of Appeals and that court ultimately reversed the trial court's summary judgment on the basis of the Supreme Court's decision in Johnson v. City of Baltimore. The City of Detroit did not appeal, and the case is currently proceeding to trial in the state court system.
 
 
 5
 Meanwhile, on May 3, the individual plaintiffs, Chapman, Master and others filed this action, and almost simultaneously the EEOC filed an enforcement action in the same district court. (The two complaints were filed 14 minutes apart and their file numbers are only two apart, 85-1982 for the Chapman complaint and 85-1984 for the one filed by the EEOC). The two district court cases were consolidated. After denying plaintiffs' motion for temporary restraining orders, the district court heard arguments on motions of the City and the DFFA to dismiss or grant summary judgment. The district court determined that the EEOC's action was barred by res judicata and that the individual plaintiffs' ADEA action was preempted by the EEOC's intervention in the state court proceedings and by the plaintiffs' failure to give the EEOC 60 days notice of their claims before filing suit, a requirement of 29 U.S.C. Sec. 626(d)(1). The district court also stated in its oral opinion that the individual ADEA action was barred by collateral estoppel and that the allegations of constitutional violations failed to state a claim upon which relief could be granted. The district court dismissed the EEOC's action with prejudice, dismissed the claims of the individual plaintiffs under the ADEA and 42 U.S.C. Sec. 1983 with prejudice, and dismissed their pendent state claims without prejudice. Only the individual plaintiffs appealed to this court.
 
 II.
 THE ADEA CLAIMS
 A.
 
 6
 Section 7(d) of the ADEA, 29 U.S.C. Sec. 626(d) provides:
 
 
 7
 (d) Filing of charge with Commission; timeliness; conciliation, conference, and persuasion
 
 
 8
 No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed(1) within 180 days after the alleged unlawful practice occurred; or
 
 
 9
 (2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.
 
 
 10
 Upon receiving such a charge, the Commission shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.
 
 
 11
 The district court correctly held that an ADEA action is subject to dismissal if it is commenced without first giving the EEOC 60 days in which to attempt conciliation. This court has held that the 60-day requirement is jurisdictional, distinguishing it from the 180 or 300-day filing requirement of 26 U.S.C. Sec. 621(d)(1) and (2) which is a non-jurisdictional condition akin to a statute of limitations. Wright v. Tennessee, 628 F.2d 949, 953 (6th Cir.1980) (en banc); McTighe v. Mechanic's Educational Society, 772 F.2d 210, 213 (6th Cir.1985). The Ninth Circuit recently reached the same conclusion in Dempsey v. Pacific Bell Co., 789 F.2d 1451, 1453 (1986). The decisions cited by the appellants are not to the contrary. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); Stearns v. Consolidated Management, Inc., 747 F.2d 1105 (7th Cir.1984); Vance v. Whirlpool Corp., 707 F.2d 483 (4th Cir.1983), supp. opinion on pet. for reh., 716 F.2d 1010, 1011-12 (4th Cir.1983), cert. denied, 465 U.S. 1102, 104 S.Ct. 1600, 80 L.Ed.2d 130 and 467 U.S. 1226, 104 S.Ct. 2678, 81 L.Ed.2d 873 (1984). These cases all dealt primarily with the filing requirements of Sec. 626(d)(1) and (2) (180 or 300 days), not with the 60-day requirement. Moreover, the court in Vance expressly held that the 60-day requirement is jurisdictional, citing Wright and other decisions. 707 F.2d at 489. The distinction between the two sets of time requirements in Sec. 626(d) is generally recognized.
 
 
 12
 The plaintiffs did not plead or attempt to prove that they had filed a charge with the EEOC at least 60 days before commencing this action. When this requirement became an issue in the case the plaintiffs did not tender an amended complaint to allege that the requirement had been satisfied or offer any proof to that effect. Thus, the complaint was subject to dismissal. However, if this were the only basis for dismissing the action, we would be compelled to vacate the judgment dismissing the ADEA claim with prejudice and remand with directions to dismiss it without prejudice. The purpose of the 60-day requirement is to notify the EEOC of the claim and give the Commission an opportunity to attempt conciliation before a court action is commenced. Dempsey, 789 F.2d at 1452; Vance, 707 F.2d at 489. A party whose action is dismissed for failure to satisfy this requirement could promptly give notice by filing a charge with the EEOC, and if conciliation is not successful, 60 days thereafter commence a new action. If the new action should be commenced more than 180 (or 300) days after the occurrence of the alleged unlawful practice, then the plaintiff would be required to plead and prove the existence of equitable grounds for tolling that filing requirement. Dempsey, 789 F.2d at 1453; Vance, 707 F.2d at 489. The complaint in this case was silent with respect to both Sec. 626(d) requirements.
 
 B.
 
 13
 We conclude, however, that the district court properly dismissed the plaintiffs' action with prejudice under the proviso of section 7(c)(1) of the ADEA, 29 U.S.C. Sec. 626(c)(1):
 
 
 14
 (c) Civil actions; persons aggrieved; jurisdiction; judicial relief; termination of individual action upon commencement of action by Commission;
 
 
 15
 (1) Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter: Provided, That the right of any person to bring such action shall terminate upon the commencement of an action by the Equal Employment Opportunity Commission to enforce the right of such employee under this chapter.
 
 
 16
 The district court held that the EEOC had commenced an action for the enforcement of the plaintiffs' rights under the ADEA by intervening on their behalf in the state court action between the DFFA and the City, and thus had terminated the plaintiffs' right to bring an action.
 
 
 17
 The state trial court entered its order granting the EEOC's motion to intervene on April 26. The plaintiffs maintain that the EEOC's attempt to intervene was ineffective because it was untimely and because the motion was not accompanied by an intervenor's complaint or other pleading. This argument is based on Michigan's procedural requirements for intervention. Michigan Court Rule (MCR) 2.209(A), (B), (C). However, neither of the parties to the state action objected to the EEOC's intervention and such procedural defaults may be waived. Krajewski v. Klawon, 84 Mich.App. 532, 536, 270 N.W.2d 9 (1978). Furthermore, following its intervention the EEOC became the major player in the state action. It sought a stay of the order granting summary judgment in favor of the DFFA, and it prosecuted a successful appeal from that order. The state courts recognized the EEOC as an intervening party in the action, and because of its efforts, the issues which the individual plaintiffs seek to litigate in the federal courts are now awaiting trial in the state courts, where they were first raised. There can be no doubt that the state courts have concurrent jurisdiction with the federal courts under the ADEA. 29 U.S.C. Sec. 626(c)(1) ("Any person aggrieved may bring a civil action in any court of competent jurisdiction...."); Jacobi v. High Point Label, Inc., 442 F.Supp. 518 (M.D.N.C.1977).
 
 
 18
 Because of our determination that the EEOC commenced an action on April 26 which terminated the right of the individual plaintiffs to bring a similar action, we need not decide whether Sec. 626(c)(1) requires a pending action by individual plaintiffs to terminate when an enforcement action is subsequently filed by the EEOC. The plaintiffs, insisting that the EEOC's intervention on April 26 was a nullity, argue that their action filed on May 3, fourteen minutes before EEOC filed its action, was a pending action that was not affected by the provisions of 29 U.S.C. Sec. 626(c)(1). There are well-reasoned decisions which hold that the termination provision of Sec. 626(c)(1) applies only to prevent individuals from bringing actions after the EEOC has commenced an enforcement proceeding, and does not bar a pending private action. E.E.O.C. v. Eastern Airlines, Inc., 736 F.2d 635, 638 (11th Cir.1984); Burns v. Equitable Life Assurance Society of the U.S., 696 F.2d 21, 24 (2d Cir.1982), cert. denied, 464 U.S. 933, 104 S.Ct. 336, 78 L.Ed.2d 306 (1983); contra, Jones v. City of Janesville, 488 F.Supp. 795 (W.D.Wis.1980) (in Sec. 626(c)(1), "bring" means "bring" or "maintain.").
 
 
 19
 It is not at all certain that the reasoning of Eastern Airlines and Burns would apply to this case where the individual plaintiffs and the EEOC filed actions virtually simultaneously. The courts in both cited cases stressed the fact that individual plaintiffs should not be required to delay filing for an undue length of time while waiting for the EEOC to act. This could prejudice older plaintiffs, whose interests are the principal concern of the ADEA. Also, if pending individual actions were terminated by an EEOC enforcement proceeding, individual plaintiffs might have incurred expenses and engaged in preparation and discovery that would go for naught. These considerations would not apply when the two actions are filed on the same day, however. Agreeing as we do that the intervention of the EEOC in the state action was the commencement of enforcement proceedings on behalf of the plaintiffs-appellants, we conclude that the district court properly applied Sec. 626(c)(1) to hold that the individual plaintiffs had no right to bring an action under the ADEA on May 3. We do not reach the third ground upon which the district court based its order--collateral estoppel.
 
 III.
 THE SECTION 1983 CLAIMS
 
 20
 The district court recognized that the plaintiffs asserted claims of Fourteenth Amendment violations by the reference to 42 U.S.C. Sec. 1983 in their complaint. The court held that the claim of an equal protection violation was foreclosed by controlling Supreme Court precedents and that both the equal protection and due process claims were too conclusory to withstand a motion to dismiss. We agree, and note that the plaintiffs never sought to amend their complaint to state their constitutional claims with greater particularity, although the district court waited more than a month after announcing its decision before filing the order of dismissal.
 
 A.
 
 21
 In Massachusetts Board of Retirement v. Murgia, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976), the Supreme Court held that a state statute requiring uniformed state police to retire at age 50 did not deny such an officer equal protection of the laws. In reaching this conclusion, the Court found that "rationality" is the proper standard for testing such a requirement. The Court rejected the argument that the compulsory retirement provision should be subjected to strict judicial scrutiny, pointing out that there is no fundamental right to government employment and that "even old age does not define a 'discrete and insular' group," quoting United States v. Carolene Products Co., 304 U.S. 144, 152-53, n. 4, 58 S.Ct. 778, 783 n. 4, 82 L.Ed. 1234 (1938). Murgia, 427 U.S. at 313, 96 S.Ct. at 2566. The Court emphasized that legislatures are permitted to draw lines that create class-based distinctions, and that legislative classifications are not required to be perfect. Id. at 314-16, 96 S.Ct. at 2567-68.
 
 
 22
 The Court reaffirmed Murgia in Vance v. Bradley, 440 U.S. 93, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979), a case involving a federal mandatory retirement law. In Bradley, the court held that it is not a denial of equal protection to require Foreign Service Officers to retire at age 60 while permitting other civil service officers who serve overseas to work until they reach the age of 65. The Court again emphasized that the line-drawing need not be perfect, and that it does not violate the Constitution even if a classification is both underinclusive and overinclusive. Id. at 108, 99 S.Ct. at 948. The complaint in the instant case contained no allegations from which the district court could conclude that the decision of the City to require fire fighters to retire at age 60 was not rational. The plaintiffs offered nothing in response to the motions of the defendants from which the court could determine that the classification was not rational. The district court correctly held that the mandatory retirement provision was not facially unconstitutional.
 
 B.
 
 23
 The plaintiffs contend on appeal that the district court misunderstood their Sec. 1983 claims. They argue that facial invalidity of the charter requirement was only one facet of their cause of action. They now insist that they claimed a due process and equal protection violation on the basis of the City's administration of the mandatory retirement provision. The only language in the complaint that could be construed as asserting claims of constitutional violations is contained in paragraphs 8 and 9 under BACKGROUND and paragraphs 21 and 22 of Count III:
 
 BACKGROUND
 
 24
 8. The City of Detroit has a Charter provision which provides that police and fire fighters must retire at age sixty unless appropriate extensions are granted. Detroit Charter, Title IX, Chapter 7, Article VI, Part A, Section 1(c).
 
 
 25
 9. For at least the past twenty years, City of Detroit has not strictly enforced said Charter provision and allowed police and firemen to continue to work past age 60.
 
 
 26
 * * *
 
 
 27
 * * *
 
 COUNT III
 42 USC 1983
 
 28
 21. Said conduct on the part of Defendants is in derrogation [sic] of Plaintiffs' rights to due process of law and to the equal protection of the laws guaranteed them by the Fourteenth Amendment to the United States. [sic]
 
 
 29
 22. Plaintiffs have sustained substantial damages as a consequence of Defendants' discriminatory conduct.
 
 
 30
 The plaintiffs responded to the defendants' motions to dismiss or for summary judgment by filing a "Reply" that stated there were material issues of fact with respect to their Sec. 1983 claim, and a brief. They filed no affidavits or offer of proof of the existence of issues of material fact and did not seek to amend their complaint. In their brief the plaintiffs charged that the City had not strictly enforced the charter provision against police officers, who were also subject to voluntary retirement at age 60, and that there were irregularities in the treatment of applications for exemptions from the mandatory retirement provisions.
 
 C.
 
 31
 It is not enough for a complaint under Sec. 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings. Place v. Shepherd, 446 F.2d 1239 (6th Cir.1971). Dismissing a civil rights complaint in Blackburn v. Fisk University, 443 F.2d 121 (6th Cir.1971), this court found conclusory allegations of unconstitutional acts insufficient, stating:
 
 
 32
 There are no facts alleged in support of the conclusions, and we are required to accept only well pleaded facts as true, L'Orange v. Medical Protective Co., 394 F.2d 57 (6th Cir. [1968], not the legal conclusions that may be alleged or that may be drawn from the pleaded facts.
 
 
 33
 Id. at 124 (citations omitted). Accord, Smith v. Rose, 760 F.2d 102, 106 (6th Cir.1985).
 
 
 34
 There is a sound reason for requiring that a civil rights action against a government official or employee state a claim in terms of facts rather than conclusions. When a government employee is sued, if no factual allegations are made, discovery and perhaps even trial may be required to demonstrate that the claim has no merit. Such activities require the government defendant and others such as government attorneys involved in defense of the claim to divert their attention from their usual activities and to become involved in the litigation to the neglect of their assigned duties.
 
 
 35
 In Hobson v. Wilson, 737 F.2d 1, 29-31 (D.C.Cir.1984), the court discussed some of these considerations, stating:
 
 
 36
 Plaintiffs who fail to allege any specific facts to support a claim of unconstitutional motive cannot expect to involve Government actors in protracted discovery and trial. On receipt of such a complaint, Government defendants might move for dismissal or, alternatively, for summary judgment. Then plaintiffs must produce some factual support for their claim to avert dismissal.
 
 
 37
 Id. at 30. Although Hobson concerned claims against federal "actors" under 42 U.S.C. Sec. 1985, the court referred to similar requirements imposed by other courts, including this court of appeals, in cases brought pursuant to Sec. 1983. Id. n. 87.
 
 
 38
 The City of Detroit and the DFFA followed the procedure prescribed in Hobson, filing motions to dismiss or, in the alternative, for summary judgment, and the plaintiffs produced no factual support for their claims. These claims were properly dismissed with prejudice.
 
 IV.
 
 39
 The district court also dismissed the pendent state law claims without prejudice. Having determined that no federal cause of action survived the defendants' motions, the court acted within its discretion in dismissing the pendent claims. United Mine Workers v. Gibbs, 383 U.S. 715, 724-27, 86 S.Ct. 1130, 1137-39, 16 L.Ed.2d 218 (1966).
 
 
 40
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation