860 F.2d 1079
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James G. MOSIER, Plaintiff-Appellant,
v.
John GILLARD; Post Office Staff, W.T.R.C., Defendants-Appellees.
 No. 88-5311.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1988.
 
 1
 Before MERRITT and RYAN, Circuit Judges, and NICHOLAS J. WALINSKI, Senior District Judge.*
 
 ORDER
 
 2
 This pro se Tennessee state prisoner appeals the district court's judgment dismissing his civil rights complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, plaintiff filed suit under 42 U.S.C. Sec. 1983 alleging that his first and fourteenth amendment rights were violated while he was an inmate at the West Tennessee Reception Center. Plaintiff alleged that a piece of his legal mail was opened outside of his presence. Plaintiff sued the prison guard who brought him the letter and the prison's mailroom staff. Plaintiff did not identify which mailroom employees he was suing. The district court sua sponte dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d) finding that plaintiff did not state a cause of action under Sec. 1983 because he failed to make specific factual allegations against specific individuals.
 
 
 4
 Upon review, we affirm the dismissal. Essentially, plaintiff alleges a constitutional violation by virtue of the fact that he received a piece of opened mail. He does not identify who opened the letter; nor does the record disclose whether the letter was opened intentionally or inadvertently. Therefore, we conclude that plaintiff failed to state a claim under Sec. 1983 because he did not plead specific facts in support of his claim. See Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986); Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir.1971).
 
 
 5
 Accordingly, we hereby affirm the district court's judgment without prejudice to plaintiff's right to refile his suit with specificity if the circumstances so warrant. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Nicholas J. Walinski, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation