883 F.2d 74
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin BENNETT, Plaintiff-Appellant,
v.
Dale FOLTZ, et al., Defendants-Appellants.
 No. 88-2045.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1989.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Kevin Bennett, a pro se Michigan prisoner, appeals from the district court's order granting summary judgment for defendants in this civil rights suit filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 3
 Bennett brought this action against defendants, members of the prison staff, seeking injunctive, declaratory, and monetary relief, based upon alleged violations of his eighth and fourteenth amendment rights. Bennett, a protective custody prisoner, alleged that he felt he was in danger as a result of witnessing an assault upon another protective custody inmate and that he has been deprived of access to block phones, writing materials, bedsprings, counseling, redress of grievances, legal assistance, the courts, and the Inmates' Benefits Fund.
 
 
 4
 After consideration of the pleadings and affidavits of the parties, including defendants' motion for summary judgment and plaintiff's conclusory response, the district court granted defendants' motion for summary judgment and dismissed plaintiff's suit.
 
 
 5
 Upon review of the briefs and record, we conclude that the district court properly granted summary judgment for defendants based upon its conclusion that there was no genuine issue as to any material fact and that defendants were entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 6
 Bennett's allegations concerning his witnessing of the assault upon another inmate do not state a claim of cruel and unusual punishment since the allegations do not show "a pervasive risk of harm to inmates from other prisoners" nor do they show any "deliberate indifference" on the part of prison officials to the danger. See Riley v. Jeffes, 777 F.2d 143, 147 (3rd Cir.1985). Bennett's allegations relate to a single incident in which he was neither assaulted nor threatened with assault. Moreover, Bennett admits that the prison guards did react to the incident he witnessed although more slowly than he thought was required to quell the disturbance.
 
 
 7
 Furthermore, Bennett's remaining allegations--that he was denied access to the block phones, writing materials, bedsprings, counseling, redress of grievances, legal assistance, the courts, and the Inmates' Benefits Fund, are vague and conclusory and unaccompanied by any substantiating facts. Therefore, they also do not state a claim of constitutional magnitude. Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986).
 
 
 8
 Accordingly, it is ordered that the district court's order of summary judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.