881 F.2d 1075
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jan Murray CANTRELL, Plaintiff-Appellant,
v.
Joe FOWLER, Sheriff, Carl E. Hill, Chief, Don Humphrey,
Captain, Defendants,
Alex C. Warren, Sgt., Perry Moyers, Officer, James Jeter,
Officer, Defendants-Appellees.
 No. 88-6140.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1989.
As Amended Sept. 25, 1989.
 
 1
 Before MERRITT and KENNEDY, Circuit Judges, and NICHOLAS J. WALINSKI, Senior District Judge.*
 
 ORDER
 
 2
 Jan Murray Cantrell, a pro se Tennessee prisoner, appeals the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App. P. 34(a).
 
 
 3
 Seeking injunctive and monetary relief in the amount of $650,000, plaintiff sued six employees at the Knox County Sheriff's Department claiming that during his stay at the Knox County Jail, he was the victim of police brutality; he was subjected to inhumane conditions; and defendants caused his right of privacy to be violated. The case was referred to U.S. Magistrate Robert P. Murrian for all proceedings and for entry of judgment pursuant to 28 U.S.C. Sec. 636(c).
 
 
 4
 On appeal, Cantrell raises only his claims regarding the denial of his right to a jury trial and that of police brutality. He also makes vague allegations of judicial misconduct and prejudice.
 
 
 5
 Upon consideration, we affirm the district court's dismissal of plaintiff's complaint as we find no clear error in the magistrate's findings of fact. See Daniels v. Board of Educ. of Ravenna City School Dist., 805 F.2d 203, 209 (6th Cir.1986).
 
 
 6
 First, we find that because Cantrell failed to raise his inhumane conditions and right to privacy claims on appeal, they are abandoned and are thus not reviewable by this court. See McMurphy v. City of Flushing, 802 F.2d 191, 198 (6th Cir.1986). Plaintiff's claim regarding the denial of his sixth amendment right to a jury trial was also properly dismissed. Cantrell waived his right to a jury trial as he failed to make a timely demand for such a trial and no extraordinary circumstances are present to justify excusing the waiver.
 
 
 7
 Cantrell's police brutality claim was also properly rejected. The record reveals that during Cantrell's belligerent refusal to cooperate with defendants' efforts to "shakedown" a prison cell for weapons (an inmate had been stabbed), defendants pushed plaintiff into a chair causing him to sit down. The record reveals that such action, merely amounted to force necessary to maintain order, discipline, and institutional security, see Bell v. Wolfish, 441 U.S. 520, 547 (1979), and to subdue a recalcitrant prisoner. Cf. Soto v. Dickey, 744 F.2d 1260, 1270-71 (7th Cir.1984), cert. denied, 470 U.S. 1085 (1985). It was thus a disciplinary tactic used to control Cantrell, and not a malicious or punitive measure. See Whitley v. Albers, 475 U.S. 312, 320-21 (1986); cf. Procunier v. Martinez, 416 U.S. 396, 404 (1974).
 
 
 8
 Finally, Cantrell's vague appellate arguments of judicial misconduct and prejudice, unsupported by any facts, clearly do not warrant relief. See Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986).
 
 
 9
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Nicholas J. Walinski, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation