904 F.2d 706
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert E. DRINKARD, Plaintiff-Appellant,
Andrew D. Drinkard, Plaintiff,
v.
Marcia DRINKARD, School District of Berkley, Michigan,
Defendants-Appellees.
 No. 89-1349.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1990.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff Drinkard moves for miscellaneous relief on appeal from the district court's order dismissing this civil rights and federal question case. 42 U.S.C. Sec. 1983 (1982); 28 U.S.C. Sec. 1331 (1982). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Drinkard filed suit under the Family Educational Rights Privacy Act, 20 U.S.C. Sec. 1232g (1988), requesting access to court orders allegedly contained in the files of the defendant school district. The complaint also alleged that the school district and Drinkard's ex-wife conspired to deny Drinkard's son his right to religious freedom. The complaint requested injunctive relief and damages.
 
 
 3
 The school district filed a motion for partial summary judgment or to dismiss the complaint. The school district argued that the federal statute did not give rise to a private cause of action and that the school's files did not contain any court orders. Drinkard did not respond to the motion. The district court held a hearing on the motion. The court then entered an order dismissing the case on the ground that Drinkard had no private cause of action under the federal statute.
 
 
 4
 On appeal, Drinkard's brief argues that the district court did not address the religious discrimination issue raised in his complaint. However, Drinkard's complaint does not contain any specific allegations showing a conspiracy between the school district and Drinkard's ex-wife to deny his son's civil rights. Mere conclusory allegations are not enough to state a claim; there must be some factual basis for the claim. Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986). We will affirm the district court's order on this basis. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 5
 The motion for for miscellaneous relief is denied. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.