917 F.2d 24
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry N. BODE, Plaintiff-Appellant,
v.
John GLUCH, Defendant-Appellee.
 No. 90-1238.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1990.
 
 Before MERRITT, Chief Judge, and BOYCE F. MARTIN, Jr. and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This pro se federal prisoner appeals the dismissal of his Bivens --type action as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Seeking solely monetary relief, plaintiff sued the warden at the Federal Correctional Institution in Milan, Michigan, asserting civil rights violations arising out of his incarceration in the federal prison system. Plaintiff filed three incomprehensible complaints.
 
 
 3
 In his first complaint, he alleged that some of his property was lost or destroyed during his transfer from Milan, Michigan to Terre Haute, Indiana. Plaintiff blamed the loss and destruction of his property on the negligence of a guard at the Milan facility and on the negligent supervision of the defendant. In his second complaint, plaintiff alleged that he has been transferred arbitrarily and without justification. He also claimed that he should not have been transferred to the Terre Haute facility which, he asserts, has cruel and inhumane conditions because of its overcrowded condition and dangerous inmates. He further claimed that he was placed in segregation without due process. In his third complaint, plaintiff alleged that his confinement establishes "the complicity of conspiracy" between prison staff and that an assault and battery against him by his roommate indicates "contributing negligence."
 
 
 4
 The district court determined that plaintiff's claims were baseless and dismissed the complaint as frivolous. The court held: 1) that plaintiff's principal allegation that the "defendants" negligently lost his property did not rise to the level of a constitutional violation, see Daniels v. Williams, 474 U.S. 327, 334 (1986); 2) that plaintiff could not recover damages against the defendants on respondeat superior basis, see Monell v. New York City Dep't of Social Services, 436 U.S. 658, 691-95 (1978); Ellis v. Blum, 643 F.2d 68, 85 (2d Cir.1981); 3) that plaintiff's complaints regarding his transfer, his segregation, his roommate's assault and the prison conditions at Terre Haute were mere conclusory allegations of unconstitutional conduct without specific factual support, see Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986); and 4) that plaintiff had not exhausted administrative remedies with regard to his claims against the defendants under the Federal Tort Claims Act, see 28 U.S.C. Sec. 2675(1). Plaintiff's subsequent motion for reconsideration was denied by the district court on January 19, 1990.
 
 
 5
 Upon consideration, we conclude that the district court properly dismissed the complaint. Accordingly, the district court's order is hereby affirmed for the reasons stated in the district court's order dated October 30, 1989. Rule 9(b)(5), Rules of the Sixth Circuit.