7 F.3d 232
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rudolph BILDER, Plaintiff-Appellant,
v.
CITY OF AKRON; Thomas Dicaudo, Defendants-Appellees.
 No. 92-4310.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1993.
 
 Before: JONES and SILER, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Rudolph Bilder, an Ohio plaintiff proceeding without the benefit of counsel, appeals from a district court judgment which granted defendants' motion to dismiss plaintiff's suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Bilder brought suit under 42 U.S.C. § 1983 against the City of Akron, Ohio, and Thomas DiCaudo, an assistant city prosecutor. Bilder's complaint alleged that while he was in Akron's City and County Building, DiCaudo "assaulted and battered [him] by grabbing him with both hands and violently pushing him into the hall." Bilder framed his complaint by contending that the defendants deprived him of certain constitutional rights, including but not limited to freedom from the use of excessive and unreasonable force. He alleged that DiCaudo, acting under color of state law, violated his Fourth, Fifth and Fourteenth Amendment rights. He also alleged that the City of Akron negligently hired and trained DiCaudo and that Akron maintained a policy of permitting its prosecutors to violate the constitutional rights of private citizens. Additionally, plaintiff asserted state tort claims of assault and battery, false arrest and imprisonment, malicious prosecution, and intentional and negligent infliction of emotional distress.
 
 
 3
 The district court granted defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that Bilder could prove no set of facts which would support his § 1983 claim against either the City of Akron or DiCaudo. The court concluded that DiCaudo was not acting under color of state law as is required in a § 1983 action. Furthermore, the court held that plaintiff failed to allege facts which would show a municipal policy or custom sufficient to support a § 1983 action against the City. The court declined to assert pendent jurisdiction over the state tort claims.
 
 
 4
 Upon review, we find no error. The standard of review of a dismissal under Federal Rule of Civil Procedure 12(b)(6) is de novo. Meador v. Cabinet For Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990); Dana Corp. v. Blue Cross & Blue Shield Mut., 900 F.2d 882, 885 (6th Cir.1990).
 
 
 5
 The foremost issue presented by this appeal is whether DiCaudo was exercising responsibility pursuant to state law. We agree with the district court's conclusion that he was not.
 
 
 6
 In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege 1) that he was deprived of a right secured by the Federal Constitution or laws of the United States, and 2) that the deprivation was caused by a person while acting under color of state law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-57 (1978). Absent either element, a claim will not be stated.
 
 
 7
 Thomas DiCaudo was not acting under color of state law when he allegedly assaulted plaintiff. In order to be subject to suit under § 1983, a defendant's conduct must be fairly attributable to the state. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). In order for the conduct to be fairly attributable to the state, a defendant must be a state or public official who abuses authority which was made possible only because the official was clothed with authority of law, West v. Atkins, 487 U.S. 42, 49 (1988), or a private party who jointly participated with state officials or who received such significant aid from state officials that his otherwise private conduct is considered chargeable to the state. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); United States v. Price, 383 U.S. 787, 794 (1966). In other words, in order for a defendant's conduct to be "under color of state law," he must exercise power "possessed by virtue of state law and made possible only because [he] is clothed with the authority of state law." United States v. Classic, 313 U.S. 299, 326 (1941).
 
 
 8
 Thomas DiCaudo is undoubtedly a public employee, and public employment is generally sufficient to render a defendant a "state actor." Lugar v. Edmondson Oil Co., 457 U.S. 922, 935 n. 18 (1982). However, DiCaudo's employment only clothed him with authority to represent the city in municipal court. He was not acting under color of state law, under the alleged circumstances, because it is alleged that he used excessive force on plaintiff, an action that cannot derive from any power DiCaudo possessed by virtue of state law and made possible only because he is clothed with the authority of state law. Thus, although DiCaudo is a public employee, he acted as a private individual and was not exercising his responsibilities pursuant to state law. Inasmuch as DiCaudo was not acting under color of state law, plaintiff cannot state a claim against him under 42 U.S.C. § 1983.
 
 
 9
 Plaintiff also fails to state a claim for relief against the City of Akron. In order to establish a claim for relief under § 1983 against the City of Akron, plaintiff must allege some policy, custom or practice attributable to the city, that could have caused his alleged injury. Strauss v. City of Chicago, 760 F.2d 765, 767-69 (7th Cir.1985). Municipalities cannot be held responsible for a constitutional deprivation unless the deprivation resulted from a custom or policy. See Pembaur v. City of Cincinnati, 475 U.S. 469, 477-81 (1986); Monell v. New York Dep't of Social Servs., 436 U.S. 658, 691-95 (1978).
 
 
 10
 Plaintiff offers only the conclusory allegation that the City of Akron negligently hired and trained Thomas DiCaudo. He offers no fact or facts tending to support his allegation. A plaintiff fails to state an adequate claim for relief if his allegations are premised upon mere conclusions and opinions. See Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986) (conclusory allegations of unconstitutional conduct without specific facts fail to state a claim).
 
 
 11
 Accordingly, the judgment of the district court is hereby affirmed for the reasons set forth in the district court's memorandum opinion dated November 16, 1992. Rule 9(b)(3), Rules of the Sixth Circuit.