23 F.3d 406
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Beverly Jones FARMER, Plaintiff-Appellant,
v.
BOARD OF EDUCATION; Tony C. Wall; Pat Mosby; Gene Olds,
Dr.; W.W. Herenton, Defendants-Appellees.
 No. 93-6210.
 United States Court of Appeals, Sixth Circuit.
 April 28, 1994.
 
 Before: MILBURN and GUY, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Beverly Jones Farmer, a Tennessee citizen, appeals pro se the judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Farmer brought suit against the Memphis Board of Education and several individual employees of the Board alleging that she had been discharged from her position as a secretary in a high school principal's office without due process and because of race or class-based discrimination. A bench trial was held, at the conclusion of which the district court entered judgment for the defendants. On appeal, Farmer argues that her discharge was erroneous on the merits, that she should have been able to present her case to officials higher in the chain of command prior to her discharge, that the district court erred in relying on the doctrine of employment-at-will, and, finally, that the district court failed to consider the conclusion of the Unemployment Office that she had not engaged in any misconduct. Defendants have caused the oral decision of the district court to be transcribed and submitted as a supplemental appendix. They argue that the appeal should be dismissed due to Farmer's failure to supply the transcript of the bench trial.
 
 
 3
 Upon review, we conclude that the issues raised do not require review of the transcript. The record shows and Farmer does not dispute that she was given notice of the charges against her and allowed to respond verbally to the personnel department in the person of defendant Mosby, in addition to responding in writing to the principal and Mosby's superiors. Farmer was also notified of the requirement to furnish a doctor's statement to substantiate her allegation that she was under advice not to return to work, and the letter she submitted failed to satisfy this requirement. Notice and an opportunity to respond were all that was required. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985); Duchesne v. Williams, 849 F.2d 1004, 1007 (6th Cir.1988) (en banc), cert. denied, 489 U.S. 1081 (1989).
 
 
 4
 Farmer's arguments on appeal are unavailing. The arguments regarding the merits of her discharge and the conclusions of the Unemployment Office are not relevant to the due process analysis. Her argument that she should have been able to present her case to defendant Mosby's superiors is not founded on federal due process law. Her argument that the district court erroneously relied on the employment-at-will doctrine is misplaced, as the district court's decision shows no such reliance but rather was explicitly based on a finding that Farmer received due process. Finally, to the extent she attempts to revive her arguments of discrimination in her reply brief, Farmer offers only conclusory allegations of unconstitutional conduct without specific facts to support her claim. See Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986).
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.