108 F.3d 1376
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Peter G. COOK, Plaintiff-Appellant,
v.
Connie COOK, Defendant-Appellee.
 No. 96-3419.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1997.
 
 N.D. Ohio, No. 94-02679; George W. White, Chief Judge.
 
 N.D.Ohio
 
 1
 AFFIRMED.
 
 
 2
 Before: RYAN and DAUGHTREY, Circuit Judges; FRIEDMAN, District Judge.*
 
 ORDER
 
 3
 Peter G. Cook, a pro se Ohio prisoner, appeals a district court order dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 Seeking monetary and equitable relief, Cook sued an Ohio prison official in her individual and official capacities. Relying on the First and Fourteenth Amendments, Cook asserted that: 1) the defendant violated his due process rights by not permitting him to visit with his daughter because she was the victim of his crime; and 2) the defendant violated his equal protection rights by treating similarly situated prisoners differently. Upon review of the defendant's motion and Cook's response, the district court dismissed the case for failure to state a claim.
 
 
 5
 In his timely appeal, Cook reasserts his same claims.
 
 
 6
 Initially, we note that the district court overlooked Cook's second claim, but we conclude that the omission does not warrant vacating the district court's judgment because the claim is without merit and because relief on the claim was at least implicitly denied. See Ford Motor Co. v. Transport Indem. Co., 795 F.2d 538, 543 (6th Cir.1986).
 
 
 7
 Upon review, we conclude that the district court properly granted the motion to dismiss. See Fed.R.Civ.P. 12(b)(6); Wright v. MetroHealth Med. Ctr., 58 F.3d 1130, 1138 (6th Cir.1995), cert. denied, 116 S.Ct. 1041 (1996). As "[t]he denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' " the defendant did not violate Cook's due process rights by denying him visitation with his daughter. See Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 461 (1989) (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)). Furthermore, Cook has no state-created liberty interest as the denial of visitation does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). Moreover, the prison regulation at issue explicitly states that a visitor may be excluded if "directly related to the inmate's prior criminal behavior." Ohio Admin.Code § 5120-9-15(C)(5). Here, Cook's daughter is being excluded because she is the victim of Cook's crime.
 
 
 8
 We also conclude that Cook failed to state a claim that his equal protection rights were violated. He has not alleged that he is a member of a protected class, nor has he provided more than conclusory allegations that similarly situated prisoners were treated differently with regard to visitation privileges. See San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1 (1973); Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986).
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Bernard A. Friedman, United States District Judge for the Eastern District of Michigan, sitting by designation