NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0442n.06

No. 08-3037

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jun 30, 2009**
LEONARD GREEN, Clerk

JOSHUA L. WRIGHT )
)
    Plaintiff-Appellee, )
)
v. )
)
) ON APPEAL FROM THE UNITED
SIMON L. LEIS JR., Hamilton County ) STATES DISTRICT COURT FOR THE
Sheriff; Deputy ADAM WONG; Sgt. ) SOUTHERN DISTRICT OF OHIO
MICHELLE MOORE; Deputy CHRIS )
WINGATE; Deputy ROBERT WAGNER; )
Deputy DOUGLAS ALLEN, )
)
    Defendants-Appellants. )

Before: SILER, COOK, and GRIFFIN, Circuit Judges.

PER CURIAM. In this 42 U.S.C. § 1983 action, Joshua L. Wright alleges that the defendants—employees of the Hamilton County Jail—violated his constitutional right to be free from excessive force. The defendants bring this interlocutory appeal from the district court's order denying their motions to dismiss and for a judgment on the pleadings. They challenge the district court's determination that: (1) jurisdiction existed regardless of Wright's alleged failure to exhaust his administrative remedies, and (2) qualified immunity does not shield them from suit.

Our jurisdiction limits us to reviewing the district court's order denying qualified immunity, and we affirm.

I.

The dispute in this case centers on the sufficiency of Wright's amended complaint that alleges that Hamilton County jailers assaulted him. According to Wright, the conflict arose from Deputy Sheriff Douglas Allen's impatience with Wright's stopping to shake hands with another inmate as the deputy was escorting him through the jail. Deputy Allen reacted by jerking Wright through a doorway, causing Wright to spill a bag containing his belongings. When Deputy Allen and Sergeant Michelle Moore ordered Wright to collect his property, Wright responded with profanity. Moore then led Wright to a cell, tasing him twice along the way. Once in the cell, other guards joined the tussle, repeatedly "beat[ing] and tas[ing]" Wright "without justification." These guards included Deputies Adam Wong, Chris Wingate, Robert Wagner, and five unknown deputies. The amended complaint goes on to allege that Sheriff Simon L. Leis and the Hamilton County Board of Commissioners caused the excessive force violation by failing to train the guards. Finally, the amended complaint includes a state law assault-and-battery count, and a civil conspiracy count.

The defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction because Wright allegedly failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). The defendants also moved under Rule 12(c) for a judgment on the pleadings, claiming qualified immunity. The district court dismissed Wright's civil conspiracy claim (a determination not appealed), but rejected the

defendants' claimed right to dismissal on all other claims. The parties agreed to dismiss the Hamilton County Board of Commissioners. The remaining defendants timely appealed.

## II.

We begin by addressing Wright's claim that we lack jurisdiction over this appeal. As for defendants' exhaustion challenge, Wright is correct. Section 1291 of Title 28 limits this court's jurisdiction to final judgments, *United States v. Any & All Radio Station Transmission Equip.*, 204 F.3d 658, 668 (6th Cir. 2000), and "[t]he denial of a motion to dismiss on the grounds of failure to exhaust administrative remedies is not, by any definition, a final judgment that ends the litigation on the merits," *M.A. ex rel. E.S. v. State-Operated Sch. Dist. of Newark*, 344 F.3d 335, 343 (3d Cir. 2003) (addressing exhaustion in a suit under the Individuals with Disabilities Act). Although exceptions to 28 U.S.C. § 1291's general rule exist, none apply here.

The defendants misread *Woodford v. Ngo*, 548 U.S. 81 (2006). Although *Woodford* held that the PLRA requires exhaustion of administrative remedies, *id*. at 93, that case does not alter the straightforward rule of 28 U.S.C. § 1291. *Woodford* involved the appeal of a district court's decision to *grant* a defendant's motion to dismiss. *Id*. at 87. The district court here *denied* the motion to dismiss. While granting a motion to dismiss is a final judgment, an order denying dismissal is not. We therefore lack jurisdiction to address defendants' exhaustion challenge.

In contrast to the district court's exhaustion order, its denial of qualified immunity, while not a final order, presents an appealable issue. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). The Supreme Court recently reaffirmed that, "[p]rovided it 'turns on an issue of law,'" "[a] district court decision denying a Government officer's claim of qualified immunity can fall within the narrow class of appealable orders despite 'the absence of a final judgment.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1945–46 (2009) (quoting *Mitchell*, 472 U.S. at 530); *see also Barnes v. Wright*, 449 F.3d 709, 714 n.2 (6th Cir. 2006).

Wright contends that the defendants do not pose a purely legal question because they rely on disputed facts. Admittedly, the defendants' brief references facts not supported by the amended complaint. But the defendants concede that the panel should accept the factual aspects of the amended complaint as true. This appeal thus presents this legal question: Does Wright's amended complaint withstand a motion to dismiss? *See Estate of Carter v. Detroit*, 408 F.3d 305, 310 (6th Cir. 2005) ("If . . . aside from the impermissible arguments regarding disputes of fact, the defendant also raises the purely legal question of whether the facts alleged . . . support a claim of violation of clearly established law, then there is an issue over which this court has jurisdiction.") (internal citations and quotations marks omitted); *see also Ashcroft*, 129 S. Ct. at 1947 ("determining whether respondent's complaint has the heft to state a claim is a task well within an appellate court's core competency.") (internal quotation marks omitted).

III.

In analyzing qualified immunity, "[t]his court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, *with particularity*, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis added); *see also Scicluna v. Wells*, 345 F.3d 441, 445 (6th Cir. 2003) (to avoid qualified immunity dismissal, the plaintiff must "allege[] sufficient facts, and support[] the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights.").

Wright's amended complaint asserting excessive-force allegations against these county employees withstands this court's required scrutiny. The defendants contend that Wright fails *Lanman*'s particularity requirement by "lumping" defendants Allen, Moore, Wong, Wingate, and Wagner together with "general and conclusory allegations." We think not. *Lanman*'s particularity requirement demands only that, for each defendant, the plaintiff allege something more specific than a general Fourth or Fourteenth Amendment claim. The complaint goes beyond generalities and supplies details about the alleged violation. Paragraph eleven explains where and how the alleged violation occurred:

> En route to the cell, Sergeant Moore tased Plaintiff on two occasions without justification. Upon reaching the cell, the Defendants Adam Wong, Michelle Moore,

> Douglas Allen, Chris Wingate, Robert Wagner, and John Does 1-5 physically beat and tased Plaintiff repeatedly.

Paragraph fourteen further relates that these defendants "unjustifiably physically assault[ed] Wright in the Hamilton County Justice Center." These allegations suffice to avoid dismissal at the pleading stage.

Two interests animate *Lanman*'s pleading requirement: (1) notifying defendants of the claim, *cf.* Fed. R. Civ. P. 8(a) (embracing notice pleading); and (2) conserving resources by requiring the pleading of facts sufficient to allow a qualified immunity determination at the pleading stage, *see Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). Wright's amended complaint sufficiently specifies facts to satisfy both interests.

As for whether Wright sufficiently pleaded a violation by Sheriff Leis, the defendants offer a two sentence argument, essentially claiming that the amended complaint does not allege that "Leis had any personal contact with Wright . . . ." That, however, misses the point. Wright asserts that Sheriff Leis failed to train his subordinates, making it irrelevant whether Leis had physical contact with Wright. The defendants, by failing to adequately address the issue, waive any objection to the sufficiency of Wright's failure-to-train claim. *See Morris v. Family Dollar Stores of Ohio, Inc.*, No. 07-3417, 2009 WL 899894, *8 n. 11. (6th Cir. Mar. 31, 2009) ("failure to raise an argument in . . . appellate brief constitutes a waiver of the argument on appeal.") (quoting *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 311 (6th Cir. 2005)).

IV.


We affirm the district court's order denying qualified immunity.