914 F.2d 256
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tyrone Turpin JONES, Plaintiff-Appellant,
v.
DETROIT POLICE DEPARTMENT; John Halewicz, P.O.; Wilma
Whisman, P.O.; Dale A. Johnston; Paul Dragan; William C.
Porter, P.O.; Peter Gernand, P.O.; Therdo B. Clark, P.O.;
Cyril C. Hall, Defendants-Appellees.
 No. 89-2186.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1990.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges; and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals the dismissal of his civil rights complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Tyrone Turpin Jones filed his 42 U.S.C. Sec. 1983 complaint in the district court alleging: 1) that the confession which was received into evidence at his criminal trial for involuntary manslaughter, felonious assault, and using a firearm in the commission of a felony was involuntary; 2) that he had ineffective assistance of counsel at trial; 3) that defendants withheld exculpatory information from him; and 4) that defendants defamed him by telling news reporters that he had killed someone.
 
 
 3
 The district court determined that Jones' conclusory allegations failed to state a claim under 42 U.S.C. Sec. 1983 and granted defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 4
 Upon review, we conclude that dismissal was proper because it appears beyond doubt that Jones can prove no set of facts showing that he is entitled to the relief he seeks. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988). First, Jones' conclusory allegations that the defendants withheld exculpatory information and defamed him, in and of themselves, are insufficient to state a claim under Sec. 1983. See Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986). Second, as to Jones' allegations that he had ineffective assistance of counsel and gave an involuntary confession, the complaint was also properly dismissed because ruling on these matters would imply that a state conviction is or would be illegal. See Hadley v. Werner, 753 F.2d 514 (6th Cir.1985) (per curiam).
 
 
 5
 The dismissal on the counsel and confession issues is without prejudice to Jones' right to refile his claim under Sec. 1983 if and when he can establish through a writ of habeas corpus that he was actually denied his constitutional rights. See Hadley, 753 F.2d at 516.
 
 
 6
 For these reasons, Jones' request for counsel is denied, and the district court's order of dismissal is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.