935 F.2d 271
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Virginia STEVENS, Plaintiff-Appellant,
v.
FEDERAL RESERVE BOARD OF GOVERNORS, Michigan Department of
Treasury, State Tax Commission, Michigan
Department of Commerce, State of
Michigan, Defendants-Appellees.
 No. 90-2191.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1991.
 
 Before MERRITT, Chief Judge, and ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Virginia Stevens, a pro se Michigan resident, appeals the district court's amended dismissal of her civil rights action. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking $180 million in damages, Stevens filed this action against the State of Michigan and the Federal Reserve Board of Governors apparently alleging denial of equal protection in relation to a foreclosure on her home that occurred several years ago. In lieu of a complaint, Stevens has filed seven volumes of documents containing newspaper articles, letters, mailgrams, court transcripts, and pleadings and papers filed in connection with a case she filed in the Michigan Court of Claims. Stevens also submitted a table of contents stating that defendants were negligent in enforcing RICO statute and "malice-falsity and reckless disregard for the truth." The district court sua sponte dismissed the action as frivolous pursuant to 28 U.S.C. Sec. 1915(d), finding that Stevens was not entitled to relief.
 
 
 3
 On appeal, Stevens has filed a brief containing newspaper articles. Defendants have notified the court that they will not be participating in this appeal.
 
 
 4
 Upon review, we affirm the district court's judgment as the action is clearly frivolous within the meaning of Sec. 1915(d). See Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990). The action lacks an arguable basis in law because the State of Michigan and its agencies are entitled to eleventh amendment sovereign immunity. See Kelley v. Metropolitan County Bd. of Educ., 836 F.2d 986, 988-95 (6th Cir.1987), cert. denied, 487 U.S. 1206 (1988). Moreover, Stevens has not supplied the court with any specific facts in support of her claim that defendants have violated her constitutional rights. See Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.