948 F.2d 1289
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph Calvin HAWK, Plaintiff-Appellant,
v.
Carmen PALMER; Betty Goodson; Dennis Davis; G. Greer;
Raymond G. Toombs, Warden, Defendants-Appellees.
 No. 91-1930.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1991.
 
 Before BOYCE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Joseph Calvin Hawk, a pro se Michigan prisoner, appeals the district court's judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hawk sued the warden and four officers of Ionia Maximum Correctional Facility in their individual and official capacities, claiming violations of his rights under the Eighth and Fourteenth Amendments. He alleged that he was continually subjected to sexual harassment by defendants Palmer and Goodson, that defendant Toombs failed to correct the female guards' unprofessional behavior, that the double solid doors used in the unit are illegal, that prisoners are not allowed to question the officer who writes a misconduct report, and that the security classification process is discriminatory and violates state regulations. Hawk asked the court to order a transfer for him and to fine the defendants. The district court subsequently granted Hawk's motion to amend his complaint to include a request for injunctive relief. The defendants filed a motion for dismissal or, in the alternative, for summary judgment.
 
 
 3
 A magistrate judge issued a report and recommendation on June 17, 1991, in which he recommended that the motion to dismiss under Fed.R.Civ.P. 12(b)(6) be granted. Hawk filed timely objections, but the district court adopted the magistrate judge's report and granted the defendants' motion to dismiss in an opinion and judgment filed on July 31, 1991. The district court agreed with the magistrate judge that Hawk's complaint "does nothing more than set forth a series of conclusory allegations. Plaintiff alleges no facts in the pleadings, in the briefs, or in his objections to form the basis for finding that plaintiff is entitled to relief under either the eighth amendment or the fourteenth amendment to the United States Constitution."
 
 
 4
 On appeal, Hawk continues to assert that he is entitled to relief and, for the first time, requests compensatory and punitive damages. He requests the appointment of counsel and a transcript at government expense in his appellate brief.
 
 
 5
 Upon review, we affirm the district court's judgment because Hawk's bare legal assertions are insufficient to survive a motion to dismiss under Rule 12(b)(6). See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988). Although a pro se prisoner's civil rights pleadings are liberally construed, conclusory allegations of unconstitutional conduct without specific facts fail to state a claim. Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986).
 
 
 6
 Accordingly, we deny the requests for counsel and a free transcript. The district court's judgment, filed July 31, 1991, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.