978 F.2d 1258
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Glenn BALLARD, Plaintiff-Appellant,
v.
CITY OF INKSTER; Inkster Police Department; John Doe, Lt.,
Inkster Police Department; John Doe, Chief of
Inkster Police, Defendants-Appellees.
 No. 92-1203.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1992.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Glenn Ballard, a pro se Michigan state prisoner, appeals the summary judgment in his civil rights action filed under 42 U.S.C. § 1983. Additionally, Ballard requests the appointment of counsel and a transcript at government expense. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Ballard sued the City of Inkster, the City of Inkster Police Department, and several unknown Inkster police officers alleging a violation of the Eighth Amendment prohibition against cruel and unusual punishment. Specifically, he alleged that he was denied adequate medical treatment for his pre-existing high blood pressure. Ballard alleged further that there was no running water in his cell, he was not permitted to take a shower, he was not provided with toilet articles, he was not allowed to exercise, he was not allowed to smoke and he was denied reading materials sent by his brother.
 
 
 3
 The defendants filed a motion for summary judgment. The matter was referred to a magistrate judge who issued a report recommending that the motion be granted. The district court adopted the report and recommendation after reviewing Ballard's objections.
 
 
 4
 Upon review, we affirm the district court's judgment as there are no genuine issues of material fact and the defendants are entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 5
 Under the facts and circumstances of this case, the district court properly granted summary judgment insofar as Ballard asserted an Eighth Amendment claim based on inadequate medical care. To succeed with an Eighth Amendment claim based on inadequate medical care, a plaintiff must allege that the defendant was deliberately indifferent to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 6
 Ballard has not shown that the defendants were deliberately indifferent to his serious medical needs. Ballard was seen by physicians and other medical personnel. He was taken to Westland Medical Center where medication was prescribed for his high blood pressure. Upon his return to the custody of the Inkster Police Department, Ballard was given the medicine daily until his release into the custody of the Michigan Department of Corrections on May 29, 1990.
 
 
 7
 Summary judgment was proper insofar as Ballard alleged that defendants violated his Eighth Amendment rights by failing to provide adequate living conditions. Ballard testified during his deposition that the toilet in his cell was functional. He also testified that he was given fluids with his meals. Ballard possessed no constitutional right to smoke. Furthermore, his allegations that the defendants did not provide him with toiletries were merely conclusory. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987) (need not accept as true legal conclusions or unwarranted factual inferences); Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986) (conclusory allegations of unconstitutional conduct without specific facts fail to state a claim). Thus, Ballard failed to assert a viable claim based on his living conditions at the Inkster County Jail.
 
 
 8
 Finally, summary judgment was proper on Ballard's First Amendment claim. A prisoner in a local jail does not have a statutorily created entitlement to publications from any other source other than the publisher and defendants' regulations limiting Ballard to receipt of magazines from publishers only did not violate Ballard's First Amendment rights. See Ward v. Washtenaw County Sheriff's Dep't, 881 F.2d 325, 328 (6th Cir.1989).
 
 
 9
 Accordingly, the request for counsel and for a transcript at government expense is denied and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.