991 F.2d 795
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph C. HAWK, Plaintiff-Appellant,
v.
Pete VIDOR, Deputy Warden; Raymond Toombs, Warden,
Defendants-Appellees.
 No. 92-2349.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1993.
 
 Before KENNEDY and MILBURN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Joseph C. Hawk, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hawk's complaint is liberally construed as raising a due process claim. Hawk alleged that: 1) the defendants failed to follow a prison regulation that requires daily inspection of segregation units by a supervisor with a rank of at least captain; 2) the defendants discriminated against him based on his race by denying him his telephone privileges; 3) the defendants violated his right to access to the courts by promulgating a policy limiting inmates' access to a photocopier; and 4) the defendants violated his First Amendment rights by collecting outgoing mail only once a day. Both Hawk and defendants filed motions for summary judgment.
 
 
 3
 The district court granted defendants' motion for summary judgment. Hawk has filed a timely appeal. Hawk's appellate brief is liberally construed as raising the same claims presented in his original complaint.
 
 
 4
 Initially, it is noted that Hawk's appellate brief raises claims that were not presented in his original complaint to the district court. Because there are no exceptional circumstances present, we will not address these claims in the first instance. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991).
 
 
 5
 Hawk's first claim was properly dismissed because even if we accept as true the facts as stated by Hawk, defendants are still entitled to judgment as a matter of law. The state regulation in question does not create a liberty or property interest sufficient to implicate due process protection. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463 (1989); Olim v. Wakinekona, 461 U.S. 238, 249 (1983); Mathews v. Eldridge, 424 U.S. 319, 332 (1976).
 
 
 6
 Hawk's second claim was properly dismissed because, even if we accept as true the facts as stated by Hawk, defendants are still entitled to judgment as a matter of law. Hawk did not establish that defendants intentionally discriminated against him because of his membership in a protected class. See Henry v. Metropolitan Sewer Dist., 922 F.2d 332, 341 (6th Cir.1990). Hawk's conclusory allegations of racial discrimination are not sufficient to establish liability. See Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986).
 
 
 7
 Hawk's third claim was properly dismissed because he did not show that his ability to litigate a pending criminal or civil rights case regarding the conditions of his confinement was somehow hindered. See Knop v. Johnson, 977 F.2d 996, 1000 (6th Cir.1992), cert. denied, 1993 WL 14530 (March 8, 1993); Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Furthermore, the right to have access to the courts is not interpreted as requiring unlimited access to photocopiers. See Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir.1989).
 
 
 8
 Finally, summary judgment was properly granted to defendants as to Hawk's First Amendment claim because there was no genuine issue of material fact and defendants were entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Prison authorities may regulate the time, place, and manner in which prisoner rights are exercised without violating the Constitution. See Turner v. Safley, 482 U.S. 78, 84-91 (1987).
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.