43 F.3d 1472
 6 NDLR P 238
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Garry L. ROSE, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Postmaster General, Defendant-Appellee.
 No. 94-5802.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1994.
 
 Before: KEITH, JONES and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Garry L. Rose, pro se, appeals a district court order granting the defendant's motion to dismiss certain portions of this claim under Fed.R.Civ.P. 12(b)(6) and granting summary judgment on other issues pursuant to Fed.R.Civ.P. 56(c). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This appeal has its genesis in an Equal Employment Opportunity complaint that Rose filed with the Postal Service on September 9, 1991. In this initial EEO complaint, Rose alleged that he was not reinstated as a full-time career employee at the General Mail Facility in Chattanooga, Tennessee, because of his race, that being caucasian. Rose worked for the United States Postal Service in Michigan in 1986, but resigned from that position after moving to Tennessee in 1989. Although he was hired at the Chattanooga facility on a casual, part-time basis, Rose alleged that he was being denied full-time employment because of his race.
 
 
 3
 In his complaint filed in district court, Rose first argued that the ALJ who heard his administrative complaint "falsified" his decision by "backdating" it to June 8, 1992. He also accused the ALJ of conspiring with the agency to defraud the government with respect to his claim. Rose stated that he was deprived of due process and his rights under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. Sec. 12112, et seq. Rose requested reinstatement to a full-time career position with the Postal Service, plus full back pay and benefits. The district court concluded that the ADA claim could be dismissed under Rule 12(b)(6) and that summary judgment could be granted in favor of the defendant on all remaining issues.
 
 
 4
 On appeal, Rose makes the following arguments: 1) the ALJ and the agency "conspired by falsifying documents"; 2) the district court erred by failing to consider "important facts" in the case, specifically a tape recording of a conversation Rose had with the ALJ's secretary, and an Investigative Affidavit that an EEO counselor completed on December 17, 1991; and 3) the present administrative rules which allow an ALJ to forward findings to an agency for final decision are unfair because the Postal Service is allowed to "make its own rules, enforce the rules and set the penalties." Rose also moves this court for the appointment of counsel.
 
 
 5
 Whether a district court correctly dismissed a suit pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. Taxpayers United For Assessment Cuts v. Austin, 994 F.2d 291, 296 (6th Cir.1993). The district court properly found no cause of action under the ADA, because the Act specifically provides that the United States is not an "employer." 42 U.S.C. Sec. 12111(5)(B). Moreover, because Rose's complaint included only a claim of racial discrimination and because Rose failed to amend the complaint after being notified of his opportunity to do so, the district court did not commit clear error when it dismissed this issue for lack of subject matter jurisdiction. Ang v. Proctor & Gamble Co., 932 F.2d 540, 545 (6th Cir.1991); Lowe v. City of Monrovia, 775 F.2d 998, 1003 (9th Cir.1985).
 
 
 6
 Nevertheless, considering the merits of the handicap claim, the district court properly granted summary judgment on this issue because there is no evidence to establish that Rose was "handicapped" under the Act. 29 C.F.R. Sec. 1613.702(c); Taylor v. United States Postal Service, 946 F.2d 1214, 1216 (6th Cir.1991). Thus, there is no genuine issue as to any material fact surrounding the handicap claim and the moving party was entitled to judgment as a matter of law. Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993). This court need not accept Rose's vague and conclusory allegations of conspiracy, which he has not supported with specific facts to state his claims against the agency and against the administrative judge. Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987); Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986). Finally, Rose failed to first present his argument to the district court that the applicable postal regulations are unfair, and, thus, this court will not consider this argument for the first time on appeal. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 7
 Accordingly, the motion for counsel is denied and the district court's decision is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.