902 F.2d 32
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joyce Ann DABISH, Plaintiff-Appellant,
v.
CHRYSLER MOTORS CORPORATION, Defendant-Appellee.
 No. 89-1554.
 United States Court of Appeals, Sixth Circuit.
 May 9, 1990.
 
 Before RALPH B. GUY, Jr. and DAVID A. NELSON, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Proceeding pro se, plaintiff Joyce Ann Dabish filed a complaint alleging that she had been the subject of harassment and reverse discrimination at the Chrysler plant where she was employed as an assembly line welder. On the recommendation of a magistrate, the district court dismissed the action for failure to state a claim upon which relief could be granted. Finding no error in this disposition of the matter, we shall affirm the dismissal.
 
 
 2
 In a lengthy "brief" accompanying her complaint, Ms. Dabish claimed that her foreman, a black male, and other supervisory personnel failed to investigate her claims of electrical malfunctions in her work area; that they gave her assignments which they knew were difficult for her to perform; that the foreman slowed portions of the assembly line for other welders but not for Ms. Dabish; that on one occasion the foreman intentionally marked Ms. Dabish absent when she was in fact present; and that she was treated unfairly because she is a "mentally inferior white woman." Much of her complaint stems from the inclusion in her personnel file of a report for "poor quality welding." She claims that her foreman did not issue similar reports on black women.
 
 
 3
 In evaluating a complaint dismissed under Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim, we must accept all of the allegations as true and resolve every doubt in the plaintiff's favor. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 4
 The plaintiff seems to have three theories on which liability is sought to be predicated; (1) sexually hostile work environment; (2) racially hostile work environment; and (3) reverse discrimination. The factual allegations of the complaint, if found to be true, would not support the granting of relief under any of these theories.
 
 
 5
 A plaintiff may establish a violation of Title VII of the Civil Rights Act of 1964 by proving that harassment based on sex has created a hostile or abusive work environment. Meritor Savings Bank v. Vinson, 477 U.S. 57, 66 (1986). To be actionable, however, the harassment must be sufficiently severe to have altered the condition of the victim's employment and created an abusive working environment. Id. at 67. In Rabidue v. Osceola Refining Co., 805 F.2d 611 (6th Cir.1986), cert. denied, 481 U.S. 1041 (1987), we held that to state a claim for an offensive work environment based on sexual harassment, a complaint must allege, among other things, that "the employee was subjected to unwelcome sexual harassment in the form of sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature." Id. at 619. We emphasized the need for the plaintiff, when simply alleging a sexually hostile environment, to cite more than simply a single or isolated incident. Id. at 620. The offensiveness of the conduct is to be gauged under an objective standard--how a hypothetical "reasonable person" would react--regardless of whether the plaintiff herself was actually offended. Id.
 
 
 6
 Ms. Dabish alleges no sex-based pattern of conduct that would have affected the work-place environment substantially. She alleges no explicit sexual advances or requests for sexual favors. She does allege that a supervisor on one occasion made a lewd gesture in her presence, but this is the only specific incident referred to. Her claims of sexual harassment are based in large part on conclusory assertions that her supervisors' conduct was rooted in sexual motives. Although the courts should construe civil rights complaints liberally, Jones v. Duncan, 840 F.2d 359, 361 (6th Cir.1988), such conclusory allegations are not enough. See Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986). Ms. Dabish repeatedly stresses that she found her supervisors' voices so annoying that her work was affected, and we are bound to say that in our view this does not help her claim of sexual harassment.
 
 
 7
 To state a cause of action for a racially hostile work environment, a complaint must allege: (1) repeated racial slurs, and (2) tolerance and condonation of the situation by management. Davis v. Monsanto Chemical Co., 858 F.2d 345, 349 (6th Cir.1988), cert. denied, 109 S.Ct. 3166 (1989). Ms. Dabish fails to establish even the first element. There are no allegations of racial slurs. The charge that she was treated unfairly because she is a "mentally inferior white woman" appears to reflect nothing more than Ms. Dabish's subjective impressions of what the defendant's employees thought of her.
 
 
 8
 The complaint also fails to state a claim of reverse discrimination. An essential element of such a claim is an adverse employment decision. See Gutzwiller v. Fenik, 860 F.2d 1317 (6th Cir.1988). The "poor quality welding" report cannot qualify as such a decision, because there is no allegation that it had any adverse consequences. The report was never a basis for disciplinary action. Although Ms. Dabish was laid off for a time, she conceded in the district court that the layoff resulted from economic conditions. Nor can the report be the basis for discipline in the future: the collective bargaining agreement specifies that infractions more than three years old may not be considered in taking employment actions.
 
 
 9
 Unlike the plaintiff in Watson v. Ft. Worth Bank & Trust Co., 487 U.S. 977 (1988), a case upon which Ms. Dabish relies heavily, Ms. Dabish was not denied a promotion. She argues that Watson should apply because being treated equally with black females is a "psychological promotion." We know of no support in the caselaw for this novel theory. Absent any actual adverse employment decision, there can be no liability for reverse discrimination.
 
 
 10
 The judgment of the district court is AFFIRMED.