Donna RAINES, Brenda Billingsley, Alma King, Mary Long, Vannessa Morrisson, Darlene Reed, Roberta Meyers, and Joan Williams, Plaintiffs,

v.

CITY OF KIMBALL, TENNESSEE; Roger Frizzell, individually and in his capacity as a police officer with the City of Kimball, TN; Clara Lapshaw, and in her capacity as a police officer with the city of Kimball, TN; and Angie Pelham, individually and as managing employee of Shearin Foods and Shoney's, Inc., Defendants.

No. 1:94-CV-47.

United States District Court, E.D. Tennessee.

March 5, 1996.

Harry F. Burnette, Brown, Dobson, Burnette & Kesler, Chattanooga, TN and Martin J. Levitt, Levitt & Levitt, Chattanooga, TN, for plaintiffs.

Thomas O. Helton, Heiskell, Donelson, Bearman, Adams, Williams & Caldwell,

Chattanooga, TN, Gary M. Brown, Farris, Warfield & Kanaday, Nashville, TN, John B. Curtis, Jr., Leitner, Warner, Moffitt, Williams, Dooley, Carpenter & Napo, Chattanooga, TN, Ronald D. Wells, Robinson, Smith & Wells, Chattanooga, TN, and Joe E. Manuel, Nelson, McMahan, Parker & Noblett, Chattanooga, TN, for defendants.

## MEMORANDUM

COLLIER, District Judge.

Pending before the Court is a motion by the plaintiffs asking the Court to reconsider its ruling of November 11, 1995 dismissing the plaintiffs' claims of sex discrimination and sexual harassment under the Tennessee Human Rights Act (Court File No. 99).

Upon consideration of the reasons outlined by the plaintiffs, the Court will **DENY** the motion to reconsider.

### I. BACKGROUND

The facts in this case were previously summarized by the Court in a Memorandum (Court File No. 102) accompanying its decision on the summary judgment motions presented by certain of the defendants. The Court does not deem it necessary to restate the facts here, but will refer to the facts stated in that memorandum as necessary.

### II. ANALYSIS

#### 1. Sex Discrimination

In their motion, the plaintiffs assert the Court was erroneous in its finding that both male and female employees at the Shoney's restaurant were subjected to adverse treatment during the search conducted by Ms. Pelham, Officer Latshaw and Officer Frizzell. According to the plaintiffs, the affidavits of Brenda Billingsley and Donna Raines, as well the briefs of the plaintiffs and then-defendant Jess Shearin regarding the motions for summary judgment, explain the female employees were forced to remove their clothing, while the two male employees who were searched had only to empty their pockets. Plaintiffs state "discrimination is proved simply by proof of different treatment," citing the Sixth Circuit decision *Harrington v. Van-*

*dalia–Butler Bd. of Education,* 585 F.2d 192, 194 at n. 3 (6th Cir.1978), to support their position.

■ While the plaintiffs are correct in their assertion that the Sixth Circuit found the provision of unequal facilities amounted to discrimination on the basis of sex in the conditions of the female plaintiff's employment in *Harrington,* the primary focus of the opinion was the availability of compensatory and punitive damages. In addition, even if the Court uses the precedent established by *Harrington* in determining what constitutes discrimination in the conditions of an individual's employment, to say the search of employees in this case was a condition of employment at the restaurant would be a stretch. The plaintiffs failed to present any evidence indicating such searches were a regular part of their employment at the restaurant. The record suggests the search resulted from one incident of theft of money from the cash register. Hence, the Court does not find the *Harrington* case to be applicable to the present situation.

■ Claims of disparate treatment, however, can involve an isolated incident of discrimination. *Palmer v. Shultz,* 815 F.2d 84 (C.A.D.C.1982) Yet, the mere showing that "sex was a factor" rather than a "but for" factor is insufficient to establish liability under Title VII as well as the Tennessee Human Rights Act.[1] *Goostree v. State of Tennessee,* 796 F.2d 854, 863 (6th Cir.1986). The "but for" causation is satisfied when a plaintiff establishes the defendant's discriminatory intent, more likely than not, was the basis of the adverse action. *Goostree* at 863. In the case at hand, the plaintiffs have failed to show this. The deposition of Ms. Latshaw, a police officer for the City of Kimball, suggests she decided to conduct a strip-search of the female employees because women can hide money in their bras, and money hidden in such places cannot be discovered by a simple touch (Court File No. 70, Exh. 3). Moreover, the record does not provide any evidence suggesting the portion of the search conducted by Ms. Pelham was prompted by sex-based animus. Conse-

---

1. The standard of employer liability is the same under both the Tennessee Human Rights Act and Title VII. *Reed v. Delta Air Lines,* 1994 WL 56930, p. 3 (6th Cir. February 24, 1994).

quently, the Court does not find a basis for a sex discrimination claim in this case.

### 2. *Sexual Harassment*

█ The motion to reconsider implies the search of the plaintiffs is also enough to establish a claim of sexual harassment. It is a well-established principle in analyzing sexual harassment claims that a plaintiff cannot rely on a single isolated incident to prove sexual harassment but must show a pattern or practice of harassment against her. *Walk v. Rubbermaid Incorporated,* 1996 WL 56203, p. 2 (6th Cir. February 8, 1996); *Anderson v. Kelley,* 1993 WL 524235, p. 10 (6th Cir. December 15, 1993); *Dabish v. Chrysler Motors Corp.,* 1990 WL 59899, p. 1 (6th Cir. May 9, 1990); *Rabidue v. Osceola Refining Co.,* 805 F.2d 611, 620 (6th Cir. 1986). The plaintiffs do not even allege other sex-based conduct. Hence, the Court holds there is no basis for a sexual harassment claim.

The plaintiffs also argue the Court should reconsider its ruling on the sexual harassment claim due to an opinion handed down by the Tennessee Court of Appeals on the issue of individual liability under the Tennessee Human Rights Act, *Gifford v. Premier Manufacturing,* 1989 WL 85752 (Tenn.Ct. App. August 1, 1989). In light of the Court's ruling in *Frizzell v. Southwest Motor Freight, Inc.,* 906 F.Supp. 441 (E.D.Tenn. 1995), regarding individual liability under the Tennessee Human Rights Act, the Court will DENY the motion to reconsider its ruling on this ground as well.

### III. *CONCLUSION*

In conclusion, the Court will DENY the plaintiffs' motion to reconsider.