Jerry L. VAUGHN, Plaintiff–Appellee,

v.

UNITED STATES SMALL BUSINESS
ADMINISTRATION, et al.,
Defendants,

John Whitmore, individually and in his
capacity as Acting Associate Adminis-
trator of the Office of Minority Small
Business & Capital Ownership Develop-
ment, SBA, Defendant–Appellant.

No. 93–5104.

United States Court of Appeals,
Sixth Circuit.

April 23, 1996.

Before: ENGEL, JONES, and
SUHRHEINRICH, Circuit Judges.

*ORDER*

ENGEL, Circuit Judge.

Appellee Jerry Vaughn has petitioned the
court for rehearing and rehearing en banc of
our earlier decision and opinion decided and
filed herein September 21, 1995. *Vaughn v.
United States Small Business Admin.*, 65
F.3d 1322 (6th Cir.1995). The petition hav-
ing been circulated not only to the original
panel members but also to all other active
judges of this court, and no judge of this
court having requested a vote on the sugges-
tion for rehearing en banc, the petition for
rehearing has been referred to the original
hearing panel.

A majority of the panel being of the opin-
ion that the petition should be denied but
that the original opinion should be supple-
mented, rehearing is DENIED. Judge
Jones adheres to his views originally ex-
pressed in his dissent and would affirm the
judgment of the district court for the reasons
earlier expressed by him.

Petitioner makes three arguments for re-
hearing:

**I**

Vaughn asserts that the original opinion
failed to follow the admonition of *Johnson v.
Jones*, —— U.S. ——, 115 S.Ct. 2151, 132
L.Ed.2d 238 (1995), that appeal from the
denial of a motion to dismiss or a motion for
summary judgment on grounds of qualified
immunity is impermissible when the issue
turns on a dispute of fact:

> [W]e hold that a defendant, entitled to
> invoke a qualified-immunity defense, may
> not appeal a district court's summary judg-
> ment order insofar as that order deter-
> mines whether or not the pretrial record
> sets forth a "genuine" issue of fact for
> trial.

*Id.* at ——, 115 S.Ct. at 2159. Essentially,
Vaughn argues that because the original
opinion in his case did not address the ab-

stract legal question of whether the right allegedly violated was a clearly established one, the opinion violates the dictates of *Johnson*. We disagree.

We agreed that Vaughn had an "unquestionable right to be free of race- and handicap-based government decisionmaking," *Vaughn*, 65 F.3d at 1327, and acknowledged that he may well have suffered a violation of it at the hand of others against whom the statute of limitations had already run. Vaughn's problem was, and is, that he has failed to state a cognizable claim of any right, let alone a clearly established right, that was violated by the defendant Whitmore. Our articulation of this finding was not violative in any way of *Johnson*. Our opinion technically employed a Fed.R.Civ.P. 12(b)(6) analysis, which is consistent with our circuit's earlier holding in *Carlson v. Conklin*, 813 F.2d 769 (6th Cir.1987), that on interlocutory appeal an appellate court is not confined to a review of the viability of a qualified immunity defense but may inquire whether a plaintiff has stated an actionable claim under 42 U.S.C. § 1983. *Id.* at 770–71; *see also Black v. Parke*, 4 F.3d 442, 445 (6th Cir.1993) (following *Carlson* ). In short, there may be a genuine issue of fact as to whether Vaughn's clearly established rights were violated by others not party to this suit, but plainly Whitmore's liability cannot rest upon respondeat superior, which is at best what the complaint alleges, beyond the vague and generalized allegation of the type condemned by the . Supreme Court as inadequate in *Anderson v. Creighton*, 483 U.S. 635, 639–40, 107 S.Ct. 3034, 3038–39, 97 L.Ed.2d 523 (1987).

Our decision is also entirely consistent with *Sanderfer v. Nichols*, 62 F.3d 151 (6th Cir.1995). In *Sanderfer*, we acknowledged that the plaintiff, a prisoner, had a clearly established right to be · free of deliberate indifference to his medical need, but, citing *Johnson*, we held that a district court order denying the defendant's motion for summary judgment on the basis of qualified immunity was reviewable on interlocutory appeal because it involved not the sufficiency of the plaintiff's evidence but whether he could state a claim at all. *Id.* at 153–54 & n. 2. Our original opinion in the instant case notes

that Whitmore "had no discretion," *Vaughn*, 65 F.3d at 1328, and that "no failure to act outside the accepted statutory criteria can violate a clearly established right," *id.* at 1330. Our factual inquiry in reaching our decision was different from the one deemed impermissible by the Supreme Court in *Johnson*. In *Johnson*, the three defendants who appealed the denial of their motion for summary judgment argued that there was not a scintilla of evidence in support of the plaintiff's claim that they had beaten him. They did not argue that beating the plaintiff would not have violated. a clearly established right of the plaintiff. Whitmore has argued, and we have agreed, that under the facts as alleged by Vaughn, he did not violate any of Vaughn's clearly established rights. We did not impermissibly address the sufficiency of the evidence; we held merely that there was no way in which Whitmore could have violated one of Vaughn's clearly established rights.

## II

Vaughn next claims that our opinion, by citing to *Chapman v. City of Detroit*, 808 F.2d 459 (6th Cir.1986), and *Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348, 1354–55 (6th Cir.1989), *cert. denied*, 494 U.S. 1079, 110 S.Ct. 1807, 108 L.Ed.2d 938 (1990), *see Vaughn*, 65 F.3d at 1327, applied a "heightened pleading" standard to the allegations in the complaint as condemned in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). We need not here decide whether that standard, condemned in actions against municipalities, applies to suits alleging the ·personal liability of public employees; this issue was left open in *Leatherman*. *Id.* at 165–67, 113 S.Ct. at 1162. As we have made clear above, our decision stands on firmer and more · traditional grounds. If a contrary implication was read into our citations to *Chapman* and *Nuclear Transport*, it was unfortunate and unintended.

## III

Finally, Vaughn asserts that the court erred in considering an issue not raised be-

low. This issue, which was the subject of Judge Jones' dissent, has been fully addressed in the opinion originally filed and we adhere to our views as earlier stated.

The panel has further reviewed the petition for rehearing and concludes that two of the issues raised in the petition were fully considered upon the original submission and decision of the case and that petitioner's other argument is without merit. Accordingly, the petition is denied.

Judge NATHANIEL R. JONES would grant rehearing for the reasons stated in his dissent.