Lloyd George MAXWELL, Sr., Plaintiff–Appellant,

v.

FEDERAL CORRECTIONAL IN-STITUTION, et al., Defendants–Appellees.

No. 02–3238.

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2002.

Before KEITH, MOORE, and GILMAN, Circuit Judges.

Lloyd George Maxwell, Sr., a federal prisoner proceeding pro se, appeals the district court order dismissing his civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Maxwell sued the Federal Correctional Institution in Elkton, Ohio, where he is incarcerated (FCI Elkton), FCI Elkton Warden John J. LaManna, Lieutenant Doug Johnson, and FCI Elkton's Director of Security. Maxwell purported to bring his suit on his own behalf and that of his son, Lloyd Maxwell, Jr., but his son did not sign the complaint. Maxwell alleged that the defendants violated his and his son's rights under the Fifth,

Eighth, and Fourteenth Amendments when they refused to permit his son to visit him and would not allow his son to remain on FCI Elkton premises. The district court screened the complaint and dismissed it for failure to state a claim. *See* 28 U.S.C. § 1915A.

In his timely appeal, Maxwell reasserts his district court claims and argues that the district court erred by dismissing his complaint without permitting him to amend it.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). The Prison Litigation Reform Act (PLRA) requires district courts to screen and dismiss complaints that are frivolous, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Upon review, we conclude that the district court properly dismissed Maxwell's complaint for failure to state a claim. Maxwell alleged that his son traveled to FCI Elkton from Baltimore, Maryland, along with family members of another inmate. FCI officials denied Maxwell's son permission to visit Maxwell because his identification had expired and his name was not on Maxwell's visitor list. The younger Maxwell was ordered to leave the premises. Maxwell tried to show Defendant Johnson that his son was on his visitor list and persuade him to permit the visit, but Johnson angrily rebuked him. Maxwell, Jr., returned the next day and was again turned away. Maxwell alleged that his son had to wait several miles away on the state highway.

Maxwell had no constitutional claim. First, his allegations that the defendants were deliberately indifferent or grossly negligent with respect to his son's safety do not state a claim for Maxwell. Second, Maxwell's conclusory allegations of racial discrimination are not enough to state an equal protection claim. "It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986). Third, Maxwell had no due process claim. Prisoners do not have an inherent constitutional right to unfettered visitation. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989); *Bellamy v. Bradley*, 729 F.2d 416, 420 (6th Cir.1984). Reasonable limitations on visitation are permissible because they do not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Thus, Maxwell's complaint failed to state a due process claim.

Maxwell's argument that the district court erred by dismissing the complaint sua sponte is without merit. The PLRA requires courts to screen and dismiss complaints "even before ... the individual has had an opportunity to amend the complaint." *McGore*, 114 F.3d at 608–09; *accord*, 28 U.S.C. § 1915(e)(2). Because the district court properly found that Maxwell's complaint failed to state a claim, sua sponte dismissal was also proper.

Accepting Maxwell's factual allegations as true, he can prove no set of facts in support of his claim which would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993). For the foregoing reasons,

we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.