**James ADAMS, Plaintiff–Appellant,**

v.

**Celestine JONES; Mac Sutton,
Defendants–Appellees.**

No. 02–5472.

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2002.

Before NORRIS and GILMAN, Circuit
Judges; and McKEAGUE, District
Judge.*

---

### ORDER

James Adams, a Tennessee prisoner proceeding pro se and in forma pauperis, appeals the district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Adams sued Food Steward Celestine Jones and Food Service Manager Mac Sutton. Adams, an African American, worked as a food service worker at West Tennessee State Penitentiary. He alleged that the defendants violated his constitutional rights by filing a false disciplinary charge against him in retaliation for his filing grievances and because of his race. The district court screened the complaint, ordered Adams to comply with the procedures for proceeding in forma pauperis, and later dismissed the complaint for failure to state a claim. The court held that Adams's time in administrative segregation did not give rise to a liberty interest,

---

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

that Adams could not base a § 1983 claim on his disciplinary conviction without first having that conviction set aside, and that his claims of retaliation and discrimination were based only on conclusory allegations.

In his timely appeal, Adams argues that: (1) an act can be retaliatory even if it would have been proper if done for a legitimate reason; (2) prison officials cannot transfer prisoners in retaliation for asserting protected rights; (3) he stated a claim under § 1983; and (4) he was denied his right of access to the courts.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). In reviewing a dismissal of a complaint for failure to state a claim, this court must accept all well-pleaded factual allegations as true. *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993) (citation omitted).

Upon review, we affirm the district court's decision for the reasons stated by the district court. Adams worked as a food service worker in prison. He alleged that in September 2001, Sutton ordered him to retrieve rotten food from the garbage to serve to the inmates. Adams filed a grievance over the incident. In November 2001, according to Adams, the defendants falsely accused him of making threatening statements in order to retaliate against him for filing the grievance. Adams was convicted of a disciplinary violation and placed in segregation for three days. He claimed he signed papers agreeing to accept a written warning only because the segregation cell was uncomfortably cold. Adams did not allege that the conviction cost him any "good-time" credit.

■ Adams's placement in segregation does not support a constitutional claim. A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), or it will inevitably affect the duration of the prisoner's confinement. *Id.* at 487, 115 S.Ct. 2293. Adams's three days in segregation did not amount to an atypical and significant hardship and did not implicate a protected liberty interest.

■ We also agree with the district court that, even if Adams's disciplinary conviction affected the duration of his confinement, Adams could not attack his conviction under § 1983. A state prisoner does not state a cognizable claim under § 1983 if a ruling on his claim would necessarily imply the invalidity of his conviction and confinement, until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Schilling v. White,* 58 F.3d 1081, 1085–86 (6th Cir.1995). Adams alleged that his disciplinary conviction was invalid because it was procured through perjured testimony. Because he did not claim that the conviction had been overturned before he filed suit, he has no § 1983 claim.

We also conclude that the district court properly held that Adams did not state a

retaliation claim. Adams alleged that the defendants wrote him up on a disciplinary charge in retaliation for a grievance he filed. It is doubtful that Adams's brief time in segregation is enough to constitute a deterrent effect, and Adams presented no proof beyond his own allegations that the defendants wrote him up because of his grievance. Bare allegations of malice do not suffice to establish a constitutional claim. *Crawford–El v. Britton,* 523 U.S. 574, 588, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998); *Thaddeus–X v. Blatter,* 175 F.3d 378, 399 (6th Cir.1999) (en banc).

Finally, we agree with the district court that Adams failed to state a viable discrimination claim. Adams alleged that the defendants targeted him because of his race, and "allow white inmates to steal and get away with anything anytime." "It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir.1986). Adams did not back up his allegations with any facts.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.