**Chris Allen SARR, Plaintiff–Appellant,**

v.

**Bill MARTIN, Director, MDOC, Defendant–Appellee.**

**No. 02–1639.**

United States Court of Appeals, Sixth Circuit.

Dec. 16, 2002.

Before MERRITT and DAUGHTREY, Circuit Judges; and RUSSELL, District

Judge.*

### ORDER

Chris Allen Sarr, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Sarr filed a complaint in federal court against Bill Martin, the director of the Michigan Department of Corrections. Sarr asserted that: 1) his First Amendment right of access to the courts had been violated in numerous ways; and 2) certain items of his property had been lost or damaged in violation of his right to due process. The district court granted Sarr pauper status, but sua sponte dismissed the complaint pursuant to 28 U.S.C. § 1915(e), § 1915A. and 42 U.S.C. § 1997e(c), for failure to state a claim because Sarr had failed to allege how Martin was personally involved.

On appeal, Sarr essentially reasserts his claims. He argues that Martin's office was involved in the final step of the grievance process and that the complaint should not have been dismissed without notice and an opportunity to amend. He also asks the court for costs and to substitute two wardens as defendants.

This court reviews de novo a district court judgment dismissing a complaint pursuant to § 1915A or § 1915(e)(2)(B). *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

In determining whether a complaint states a claim, a court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Columbia Nat. Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995) (original emphasis, quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)).

The district court properly determined that the complaint failed to state a claim. Sarr did not allege that Martin had any direct involvement in the alleged denial of his right of access to the courts or in his alleged property damage and loss. Such wholly conclusory allegations are insufficient to state a cognizable claim for relief. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986). Additionally, Martin's supervisory capacity does not make him liable for the alleged deprivation by an unspecified prison official. The doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Dep't of Social Servs. of New York*, 436 U.S. 658, 691–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984). In *Bellamy*, supervisory prison officials allegedly were notified about harassment by prison

---

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

guards, but no action was taken. *Id.* at 421. Yet, this court found that supervisory liability could not lie because Bellamy did not show that any supervisory official actively participated in or authorized any harassment. *Id.* Thus, any notice Martin may have received through the grievance system is insufficient to make him personally liable for the alleged acts.

■ The district court likewise properly dismissed the complaint without allowing Sarr an opportunity to amend because § 1915(e)(2)(B) overrules this court's decision in *Tingler v. Marshall,* 716 F.2d 1109, 1111–12 (6th Cir.1983), and permits a court to dismiss an indigent plaintiff's suit at any time without prior notice. *See McGore,* 114 F.3d at 612.

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.