**Allecia I. HAMMONS, mother of minor child Allecia Helen HAMMONS, Plaintiff–Appellant,**

v.

**OHIO DEPARTMENT OF HEALTH, Defendant–Appellee.**

No. 02–3533.

United States Court of Appeals, Sixth Circuit.

June 12, 2003.

Before MOORE and GIBBONS, Circuit Judges; and SCHWARZER, District

---

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

Judge.*

## ORDER

Allecia I. Hammons, proceeding pro se, appeals a district court order dismissing her civil action pursuant to the provisions of 28 U.S.C. § 1915(e). This case has been referred to a panel of the court pursuant to Rule 34(j)(*l*), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 12, 2002, Hammons filed a complaint against the Ohio Department of Health. Hammons alleged that the Ohio Department of Health sealed the birth records of her daughter, Allecia Helen Hammons, and refused to allow her to inspect and view them. Hammons sought "a court order to have the Birth records open, to be inspected, viewed, and photo copied" by her.

The district court granted Hammons's motion to proceed in forma pauperis and dismissed her complaint for failure to state a claim upon which relief may be granted pursuant to § 1915(e)(2)(B). Hammons has filed a timely appeal.

We review de novo a district court order dismissing a suit for failure to state a claim upon which relief may be granted under § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

A complaint must contain " 'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.' " *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)). The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986).

Upon review, we conclude that Hammons's complaint failed to state a claim upon which relief may be granted and was properly dismissed by the district court. Hammons's complaint was vague, conclusory, and contained no factual allegations or legal theories upon which a valid federal claim may rest. Thus, even under the most liberal construction, Hammons's complaint did not state a claim for relief.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.