**Rosalind SHARWELL, Plaintiff–Appellant,**

v.

**KAISER PERMANENTE, et al., Defendants–Appellees.**

No. 02–4330.

United States Court of Appeals, Sixth Circuit.

Aug. 20, 2003.

Rosalind Sharwell, pro se.

Randy D. Rinicella, Roetzel & Andress, Cleveland, OH, for Defendant–Appellee.

Before BOGGS and SILER, Circuit Judges; and RICE, District Judge.*

### ORDER

Rosalind Sharwell, proceeding pro se, appeals a district court judgment dismissing her diversity wrongful death action pursuant to the provisions of 28 U.S.C. § 1915(e). *See* 28 U.S.C. § 1391. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On July 11, 2002, Sharwell filed a complaint against Kaiser Permanente, Judson Park, and Judge Bridget M. McCafferty. Sharwell alleged that Kaiser and Judson Park were responsible for the death of her mother, Betty Mesnick. Sharwell alleged that Mesnick had surgery on February 4, 1999, to repair a broken hip during which "Dr. Dunlap of Kaiser inserted a plate."

---

* The Honorable Walter Herbert Rice, United States Chief District Judge for the Southern District of Ohio, sitting by designation.

Following the surgery, Mesnick was transferred to Judson Park for rehabilitation. Mesnick was subsequently discharged from Judson Park and died on February 14, 2001. Sharwell alleged that Mesnick's death resulted from improper care that she received from Kaiser and Judson Park.

When Sharwell filed the instant action, she had already filed an identical action in the Cuyahoga County, Ohio, Court of Common Pleas. Sharwell's state court action was dismissed by Judge McCafferty on April 15, 2002. Sharwell was apparently dissatisfied with the outcome of the state court action and believed Judge McCafferty had intentionally discriminated against her. Sharwell sought monetary relief.

The district court granted Sharwell's motion for leave to proceed in forma pauperis and dismissed her complaint for failure to state a claim upon which relief may be granted pursuant to § 1915(e)(2). Sharwell filed a timely appeal.

We review de novo a district court's judgment dismissing a suit for failure to state a claim upon which relief may be granted under § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)). The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *See Dellis v. Corrs. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986).

Upon review, we conclude that Sharwell's complaint failed to state a claim upon which relief may be granted and was properly dismissed by the district court. Sharwell's complaint was vague, conclusory, and contained no identifiable legal theory upon which a valid claim may rest. As noted by the district court, Sharwell's complaint offered no facts "which reasonably suggest that the actions of either Kaiser or Judson caused the death of Ms. Mesnick." Furthermore, Sharwell's complaint failed to state a claim for relief against Judge McCafferty, as Judge McCafferty is entitled to judicial immunity from suit for monetary damages. *See Mireles v. Waco*, 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 355–56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.